CITY REAL ESTATE COMPANY, Plaintiff, *v*. REALTY CONSTRUCTION CORPORATION and Others, Defendants.

Supreme Court, Special Term, Kings County, February 16, 1938.

*C. Elmer Spedick*, for the plaintiff.

*Abraham J. Halprin*, for the defendants.

LOCKWOOD, J. This is a motion to vacate a deficiency judgment of $1,106,266.65 entered in this action brought to foreclose a blanket second mortgage of $820,000, covering fifteen separate parcels of land in Queens county. Judgment of foreclosure and sale was entered on October 10, 1932, directing the sale of all parcels covered by the mortgage. On September 28, 1937, plaintiff procured an order amending the judgment so as to permit the sale of all the mortgaged premises, or any part or parts thereof in one parcel, or separate parcels, as the plaintiff may elect. At the sale on October 22, 1937, all the property covered by the mortgages was sold except that portion designated as the westerly 130 feet of parcel 7, a plot running 212.66 feet along Beach Twenty-eighth

street and 130 feet in depth on Westbourne boulevard and Bayswater avenue, upon which plot are a two-story and attic frame dwelling and a frame cottage-garage, both in poor condition. At the time of the sale it was thought that this parcel had been sold under foreclosure of a senior mortgage. Such, however, was not the fact, and plaintiff's mortgage was and still is a lien thereon. Defendants contend that since plaintiff did not exhaust its security the entry of the deficiency judgment is void, irregular and improper.

In opposition to the motion plaintiff contends that the sale of the remaining parcel would increase rather than decrease the amount of the deficiency judgment. A prior mortgage of $11,000 and unpaid taxes, assessments and water rates of $6,836.72 are liens on the unsold parcel superior to that of plaintiff's mortgage. The affidavit of an appraiser is submitted, stating that the parcel is of the fair and reasonable value of $9,000. The question is whether, because of the foregoing, the deficiency judgment should stand, notwithstanding the admitted fact that all of the mortgaged property was not sold pursuant to the judgment of foreclosure and sale, before application was made for a judgment against the defendants for the deficiency arising out of the sale.

Before the Revised Statutes no deficiency judgment could be rendered in a foreclosure suit. The court could decree only a sale of the mortgaged premises and the application of the proceeds to payment of the debt secured by the mortgage. By statute, a court of equity was given the power to afford complete relief in the one suit. The right to a deficiency judgment in a foreclosure action is, therefore, a creation of and dependent solely upon statute. ( *New York Life Ins. Co.* v. *Guttag Corp.*, 265 N. Y. 292; *Rutherford Realty Co.* v. *Cook*, 198 id. 29; *Scofield* v. *Doscher*, 72 id. 491; *Equitable Life Ins. Soc.* v. *Stevens*, 63 id. 341.)

The present statutory provision (Civ. Prac. Act, § 1083) authorizes the entry of a deficiency judgment for " the residue of the debt remaining unsatisfied, after a sale of the mortgaged property, and the application of the proceeds, pursuant to the directions contained therein." The statute is specific. A sale of part or even of nearly all of the mortgaged· property does not satisfy the requirements thereof. Assuming the truth of the assertion that the sale of the remaining mortgaged property would only add to the deficiency and that a futile or useless act should not be required, such considerations are immaterial as affecting the power and authority of the court to decree the entry of a deficiency judgment. Equitable principles are of no avail, and the court possesses no discretion where its jurisdiction to act rests solely upon statute.

It must act only in accordance with the statute when exercising a statutory jurisdiction. (*Ellwood* v. *Northrup*, 106 N. Y. 172; *Matter of Valentine*, 72 id. 184.) The motion to vacate the deficiency judgment is granted and the motion to punish defendant for contempt in failing to appear for examination in supplementary proceeding is denied, with leave, of course, to the plaintiff to proceed as it may be advised.