■ ROSEVIEW FARMS, INC., Appellant, v ROBERT PFISTER et al., Defendants, and FREDERICK J. PFISTER, SR., et al., Respondents. (Action No. 1.) FREDERICK J. PFISTER, SR., et al., Respondents, v ROSEVIEW FARMS, INC., Appellant, et al., Defendant. (Action No. 2.) [603 NYS2d 326] —In an action to foreclose a mortgage on real property, Roseview Farms, Inc. appeals from (1) stated portions of an order of the Supreme Court, Dutchess County (Beisner, J.), entered April 2, 1993, which, *inter alia,* granted the motion of Frederick J. Pfister, Sr., and Shirley Pfister, among other things, for summary judgment against it, and (2) stated portions of a judgment of the same court, dated April 27, 1993, which, *inter alia,* adjudged that a certain mortgage made by Robert Pfister, Frederick J. Pfister, Sr., and Shirley Pfister to Roseview Farms, Inc., dated December 13, 1989 was satisfied, canceled, and discharged of record.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the second, third, fifth, and sixth paragraphs

thereof are deleted, the provisions of the order entered April 2, 1993, which granted the motion of Frederick J. Pfister, Sr., and Shirley Pfister, *inter alia,* for summary judgment in their favor and denied that branch of the motion of Roseview Farms, Inc., which was for additional attorneys' fees are vacated, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings consistent herewith; and it is further,

Ordered that the time of Roseview Farms, Inc., to move pursuant to RPAPL 1371 for a deficiency judgment is extended until 90 days after the date of this decision and order; and it is further,

Ordered that Roseview Farms, Inc., is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

In 1989, Roseview Farms, Inc. (hereinafter Roseview) loaned $400,000 to Dutchess Quality Grocers, Inc. and received a mortgage on one of its properties, hereinafter referred to as Parcel I. The loan was also guaranteed by Frederick and Shirley Pfister, who secured their guarantee by giving a mortgage on properties hereinafter referred to as Parcels IIa and IIb. After Dutchess Quality Grocers, Inc., defaulted under the terms of the mortgage and note, Roseview commenced the instant foreclosure action against all three parcels. In a separate agreement dated April 23, 1991, the parties agreed that the parcels would be sold one at a time, with Parcel I being sold first. After the foreclosure of Parcel I, the sale of the other parcels would be postponed. According to the agreement, "the sale with regard to those other properties [would] only take place thereafter if [Roseview was] not fully compensated at the time of the ultimate sale of the Property" for moneys owed to it. The parties agreed that they would attempt to upgrade Parcel I in order to attract tenants for unrented portions thereof and ultimately obtain a purchaser of the property. Indeed, Roseview took over management of the property and spent over $100,000 in making improvements.

On January 16, 1992, Parcel I was sold at auction to Roseview, as the highest bidder, for $350,000. The report of

sale indicated that the successful bid was less than the amount due to Roseview under the note and mortgage as determined by the judgment of foreclosure and sale. Roseview, however, never moved for leave to enter a deficiency judgment. Thereafter, the Pfisters commenced an action seeking to declare Roseview's mortgage on their property invalid and discharged of record. They asserted that pursuant to RPAPL 1371, Roseview's failure to move for a deficiency judgment precluded it from further action to foreclose Parcels IIa and IIb. The Supreme Court granted them summary judgment.

"When a single debt is secured by a mortgage of property of the corporate debtor and by a mortgage of the separate property of an individual guarantor, the failure to obtain a deficiency judgment after the sale of the corporate debtor's property in a foreclosure action in which the guarantor is a party defendant bars further action to foreclose the guarantor's mortgage or on the guarantee" *(Sanders v Palmer,* 68 NY2d 180, 181-182). RPAPL 1371 was intended to benefit the mortgagor and burden the mortgagee by requiring that in the computation of any deficiency, the mortgagor is credited with the market value as determined by the court or the sale price of the property, whichever is higher, and by mandating that, if a mortgagee fails to move for a deficiency judgment, "the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist" (RPAPL 1371 [3]; *see, Sanders v Palmer, supra,* at 185).

We find, however, that in light of the peculiar facts in this case, the Pfisters were equitably estopped from asserting the protections contained in RPAPL 1371. An estoppel rests upon the word or deed of one party upon which another rightfully relies and in so relying changes his position to his or her injury. It is imposed by law in the interest of fairness to prevent the enforcement of rights which would work fraud or injustice upon the person against whom enforcement is sought and who, in justifiable reliance upon the opposing party's words or conduct, has been misled into acting upon the belief that such enforcement would not be sought *(Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 184, citing *White v La Due & Fitch,* 303 NY 122, 128).

Pursuant to the parties' April 23, 1991, agreement, they agreed to upgrade Parcel I in order to attract tenants, increase its value, and obtain an ultimate purchaser for the property, and "the sale of those other properties [would] only take place thereafter if [Roseview was] not fully compensated

at the time of the *ultimate* sale of the property" (emphasis supplied). Thus, the parties had effectively agreed that any deficiency would be based upon the value of Parcel I at the time of its *ultimate* sale, not at the time of the foreclosure sale. Indeed, in light of the agreement and the contemplated changing value of Parcel I, Roseview's obligation to obtain a deficiency judgment as of the date of the foreclosure sale was rendered superfluous. Accordingly, Roseview did not move for a deficiency judgment after foreclosing on the property. We conclude that the enforcement of the time limits provided for in RPAPL 1371 would work an injustice upon Roseview, who, in justifiable reliance upon its agreement with the Pfisters, was misled into acting upon the belief that such enforcement would not be sought. Accordingly, the mortgage made by Robert Pfister, Frederick J. Pfister, Sr., and Shirley Pfister, to Roseview Farms, Inc., dated December 13, 1989, should not be discharged of record.

Under the circumstances of this case, we extend the time to make a motion for a deficiency judgment for a period of 90 days from the date of this decision and order. Balletta, J. P., Lawrence, O'Brien and Ritter, JJ., concur.