■ JOSEPH PARISI TTEE PARISI ENTERPRISES, INC. PROFIT SHARING TRUST, Appellant, v BLACK MEADOW ESTATES, INC., et al., Respondents. [617 NYS2d 352] —In an action to foreclose a mortgage, the plaintiff appeals (1) from a decision of the Supreme Court, Rockland County (Bergerman, J.), dated January 12, 1994, which granted the motion of the defendants Beverly and Biagio Guilliano to set aside the sale of the foreclosed property previously owned by the defendant Black Meadow Estates, Inc., and barred further proceedings with respect thereto and (2) from an order of the same court, entered January 26, 1994 which, upon the decision, *inter alia,* set aside the sale of the foreclosed property previously owned by the defendant Black Meadow Estates, Inc., and barred further proceedings with respect thereto.

Ordered that the appeal from the decision is dismissed since no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order is reversed, on the law, and the motion of the defendants Beverly and Biagio Guilliano is denied; and it is further,

Ordered that the appellant is awarded one bill of costs.

The present appeal arises from a foreclosure action in which the defendant Black Meadow Estates, Inc. (hereinafter Black Meadow), gave a mortgage of $275,000 to the defendant Nationwide Associates, Inc. (hereinafter Nationwide). In connection with the Nationwide loan, the defendants Biagio and Beverly Guilliano provided personal guarantees, which included a mortgage on their home. Nationwide subsequently assigned the note, the guarantees, and the mortgages to the plaintiff. Black Meadow defaulted on the loan, and the plaintiff commenced this action to foreclose the mortgages on both the commercial parcel owned by Black Meadow and the Guillianos' home.

A judgment of foreclosure and sale dated July 9, 1991, provided for the sale of both the Black Meadow parcel and the

Guilliano residence "in one parcel." On September 5, 1991, the day prior to the scheduled sale of both parcels, Black Meadow filed a petition in bankruptcy which stayed the sale of the commercial parcel. The plaintiff nevertheless foreclosed on the Guillianos' home pursuant to the mortgage that they had given in connection with their personal guarantee. The Guillianos' home was sold for $500 subject to the existing liens on the premises. The bankruptcy stay was lifted in August 1992, and the Black Meadow property was sold at auction on January 19, 1993.

The Guillianos made a motion to set aside the foreclosure sale of the Black Meadow property. The Guillianos argued that, since the plaintiff had failed to make a motion for a deficiency judgment within 90 days of the sale of the Guillianos' home, the plaintiff was barred from selling the Black Meadow parcel. The Supreme Court granted the motion and vacated the foreclosure sale of the Black Meadow property. The court held that the $500 sale of the Guillianos' home had fully satisfied the mortgage debt and that the plaintiffs were barred from bringing any further proceedings.

In 1968 the First Department held, "In the instance of a mortgage secured by more than a single parcel of property, the right to apply for a deficiency judgment arises only when all the properties subject to the mortgage lien are sold" *(Bodner v Brickner,* 29 AD2d 441, 445). However, the Court of Appeals in 1986 held that the aforementioned language should not apply under the following circumstances: "When a single debt is secured by a mortgage of property of the corporate debtor and by a mortgage of the separate property of an individual guarantor, the failure to obtain a deficiency judgment *after the sale of the corporate debtor's property* in a foreclosure action in which the guarantor is a party defendant bars further action to foreclose the guarantor's mortgage or on the guarantee" *(Sanders v Palmer,* 68 NY2d 180, 181-182 [emphasis supplied]).

We find that the present case is factually distinguishable from *Sanders v Palmer (supra).* Here, like *Sanders,* the debt to the plaintiff was secured by a mortgage of the property owned by the corporate debtor, Black Meadow, and by a mortgage on the home of the guarantors, the Guillianos. However, unlike *Sanders,* the plaintiff initially foreclosed the mortgage on the guarantors' property. The facts of this case, therefore, fall within the traditional rule enunciated in *Bodner v Brickner (supra).* The rule found in *Sanders v Palmer (supra)* was clearly designed to force a creditor to seek a deficiency judg-

ment following the sale of the corporate property but prior to any sale of the separate property of the individual guarantor. Thus, it does not apply here.

Furthermore, we find that the language of the judgment of foreclosure removed the matter from the application of *Sanders* by virtue of the court's direction to sell both parcels "in one parcel." The Court of Appeals in *Sanders* held that, unless the court provides otherwise, when several mortgages secure a single debt, the security shall be sold at separate sales, and, after each sale, there shall be an application for a determination of the deficiency from the sale. Here, the Supreme Court took the matter outside of the realm of the *Sanders* doctrine by directing that the two properties be sold "in one parcel." The court thereby removed the need for the foreclosing mortgagee to to seek a deficiency judgment after the sale of each parcel.

We find that the appellants' remaining contentions are either without merit or not properly before this Court because the respondents did not cross appeal. Mangano, P. J., Thompson, O'Brien and Ritter, JJ., concur.