■ REBECCA STECKEL et al., Appellants, v TOM-ART ASSOCIATES, LTD., et al., Respondents, et al., Defendants. [643 NYS2d 630]

The plaintiffs loaned the corporate defendant Tom-Art Associates, Ltd. (hereinafter Tom-Art), the sum of $150,000, which was secured by a mortgage on property in Queens County owned by Tom-Art, and by a mortgage on property in Nassau County owned by Tom-Art's principals, the defendants Thomas J. Lukas and Thomie Lukas. When Tom-Art defaulted on the loan, the plaintiffs foreclosed on the Lukas's property in Nassau County, and that property was sold at a foreclosure sale. The plaintiffs did not seek a deficiency judgment in the Nassau County action.

The plaintiffs subsequently commenced this action in Queens County to foreclose on Tom-Art's property in Queens. The Supreme Court dismissed the complaint based on RPAPL 1371 (3), because the plaintiffs failed to move for a deficiency judgment in the Nassau County foreclosure action. We conclude that this was error.

The traditional rule is that, where a debt is "secured by [a

mortgage lien on] more than a single parcel of property, the right to apply for a deficiency judgment arises only when all the properties subject to the mortgage lien are sold" (*Bodner v Brickner,* 29 AD2d 441, 445). The plaintiffs' failure to apply for a deficiency judgment in the Nassau County action therefore did not preclude them from foreclosing on Tom-Art's Queens County property (*see, Parisi TTEE Parisi Enters. Profit Sharing Trust v Black Meadow Estates,* 208 AD2d 597). The Court of Appeals, in *Sanders v Palmer* (68 NY2d 180), established an exception to the traditional rule where a single debt is secured by a mortgage of property of the corporate debtor and by a mortgage of the separate property of an individual guarantor, and the corporate debtor's property is sold in a foreclosure action in which the guarantor is a party defendant. Under those circumstances, the failure to apply for a deficiency judgment bars further action to foreclose the guarantor's mortgage. That exception does not apply here, however, as the plaintiffs initially foreclosed on the guarantors' mortgage, rather than on the corporate debtor's mortgage (*see, Parisi TTEE Parisi Enters. Profit Sharing Trust v Black Meadow Estates, supra).*

The plaintiffs established their entitlement to summary judgment foreclosing Tom-Art's mortgage based on the determination in the Nassau County action that Tom-Art had defaulted on the payments due on the underlying debt. Inasmuch as Tom-Art has failed to present a triable issue of fact as to any of its defenses, the plaintiffs' motion for summary judgment should have been granted. The matter is remitted to the Supreme Court, Queens County, for appointment of a Referee to compute the amount due. Bracken, J. P., O'Brien, Joy and Florio, JJ., concur.