OPINION OF THE COURT
Thomas A. Stander, J.
The plaintiff, James J. Volpe (Volpe), submits a motion seeking an order dismissing the affirmative defense of the defendant, the National Bank of Geneva (Bank of Geneva); an order for summary judgment declaring void and unenforceable the collateral security mortgage (Mortgage of June 22, 1990) given by plaintiff originally as additional security to secure plaintiff’s antecedent debt to Bank of Geneva, which debt was allegedly satisfied and extinguished as a result of the foreclosure and sale proceedings in Ontario County, New York, under index No. 79038; and an order declaring and directing the Monroe County Clerk to mark the mortgage canceled and discharged pursuant to RPAPL 1921 (6).
The defendant, Bank of Geneva, submits a cross motion seeking summary judgment dismissing the complaint on the ground that the complaint states no cause of action as a matter of law.
The complaint of the plaintiff seeks a declaratory judgment declaring all debt obligations owed to the Bank of Geneva by plaintiff, which were secured by plaintiff’s real properties, and those of co-obligor, Candleplex Corporation, and personal guarantee of Sheryal A. Volpe, to be satisfied and extinguished; declaring void and unenforceable the collateral security mortgage given by plaintiff; and declaring and directing the Monroe County Clerk to mark the Mortgage of June 22, 1990 canceled and discharged.
It must be initially noted that this decision will only address the rights and obligations of the named plaintiff, James J. Volpe.
The defendant submitted an answer which contains an affirmative defense alleging that plaintiff was in bankruptcy when the foreclosure on the Ontario County properties was conducted; that such foreclosure was conducted with the permission of the Bankruptcy Court; that the automatic stay of the Bankruptcy Court prevented defendant, Bank of Geneva, from applying for a deficiency judgment; and that the subsequent discharge of plaintiff in bankruptcy relieved plaintiff of the personal obligation to pay the remaining indebtedness but had *950 no effect upon the liens or collateral interest referred to in the complaint.
I. FACTS
The plaintiff, Volpe, signed a Mortgage to the Bank of Geneva dated June 22, 1990, "to secure the payment when due by acceleration or otherwise of all debts, liabilities and obligations to the [Bank of Geneva] of every nature not expressly prohibited by statute to be hereby secured, whether absolute or contingent now existing or hereafter contracted or incurred at any time by [Volpe], individually and/or under any assumed name certificate, and/or Candleplex Corp. * * * and/or James J. Volpe Realty Corp. * * * and any and all renewals or extensions therefor, or any part thereof, to a principal amount not exceeding in the aggregate at any one time of Two Hundred Thousand Dollars ($200,000.00), together with interest [and various charges and costs] * * * Mortgage, dated, June 22, 1990, recorded in the MCCO November 28, 1990 at Book 10430 Page 679 of Mortgage.” The properties subject to this mortgage are parcels owned in fee by Volpe located at 2040 Ridge Road West, Town of Greece, Monroe County, New York, and 3621 Dewey Avenue, Town of Greece, Monroe County, New York.
Prior to the execution of this mortgage, the plaintiff, Volpe, and Candleplex Corporation had entered into a number of notes with defendant, Bank of Geneva. Such notes were also secured by mortgages on real property owned by Volpe and/or Candleplex Corporation in the Town of Canandaigua, Ontario County. These mortgages for property were at the Parkside Office Complex (Parkside Mortgages), Route 332, Canandaigua, New York.
The plaintiff in this action, James J. Volpe, filed for bankruptcy. The United States Bankruptcy Court, Western District of New York, on June 10, 1992 issued an order granting relief from stay wherein Bank of Geneva was granted relief from the automatic bankruptcy stay for purpose of foreclosing its mortgages on the Parkside Office Complex in Canandaigua, New York. Thereafter, on August 7, 1992 a foreclosure action was commenced against Volpe, individually and doing business as Volpe Development Company; Sheryal A. Volpe, Candleplex Corporation; and various creditors, in the State of New York Supreme Court, Ontario County, under index No. 79038. This foreclosure action was to foreclose the mortgages held by Bank of Geneva on the Parkside Complex properties. The judgment of foreclosure ánd sale, signed February 2, 1993, contained *951 clauses that the mortgaged premises should be sold in one parcel and that any deficiency remaining unsatisfied after a sale of the mortgaged premises shall be made after a motion pursuant to RPAPL 1371, and the amount is to be determined and awarded by an order of the court as provided in RPAPL.
II. MOTION FOR SUMMARY JUDGMENT
The plaintiff, Volpe, seeks dismissal of defendant Bank’s affirmative defense based upon the automatic stay in bankruptcy and seeks a judgment declaring void and unenforceable the Mortgage of June 22, 1990 given by Volpe as security for Volpe’s debts. This court has discretionary power to "render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy”. (CPLR 3001.)
The basis for plaintiff’s claim is that the debt covered by the mortgage in question was satisfied and extinguished as a result of the foreclosure and sale proceedings of other properties by the Bank of Geneva and there was no deficiency judgment obtained pursuant to RPAPL 1371.
The Court of Appeals has addressed the issue of the impact of the requirements of RPAPL 1371 for obtaining a deficiency judgment after a foreclosure on property. "When a single debt is secured by a mortgage of property of the corporate debtor and by a mortgage of the separate property of an individual guarantor, the failure to obtain a deficiency judgment after the sale of the corporate debtor’s property in a foreclosure action in which the guarantor is a party defendant bars further action to foreclose the guarantor’s mortgage or on the guarantee (RPAPL 1371 [3]).” (Sanders v Palmer, 68 NY2d 180, 181-182 [1986].) The Court of Appeals also noted that "[w]e need not decide whether special circumstances warranting a grant of leave to bring this second action existed” because the mortgagee never sought permission to begin a second action, the guarantor was a party defendant in the first foreclosure, and both properties were located in the same county. (Sanders v Palmer, at 186.)
The Sanders case (supra) is relevant to the instant action; however, there are notable differences. In this Volpe action, the Mortgage of June 22, 1990 at issue was given to secure a broad range of debts of the named parties to the Bank of Geneva. James J. Volpe doing business as Volpe Development and/or Candleplex Corporation by Volpe had entered into six promissory notes with Bank of Geneva during the period of *952 time from November 29, 1989 through April 23, 1990, for a total principal balance of $1,623,789.39, with interest on all of the notes. To secure repayment on these notes Candleplex Corporation, and/or James J. Volpe, individually, and/or James J. Volpe doing business as Volpe Development Company executed to the Bank of Geneva collateral mortgages dated September 2, 1987 and November 20, 1987, which were consolidated by agreement on November 20, 1987 for property located in Ontario County; Volpe also executed collateral mortgages on real property in Ontario County known as the Park-side Office Complex, Buildings 1 through 5, dated March 23, 1989, February 27, 1990 and March 5, 1990; Volpe also executed collateral mortgages on real property in Ontario County consisting of vacant land behind the Parkside Office Complex, dated June 26, 1987 and May 27, 1988.
James J. Volpe filed for bankruptcy. Thereafter, the Bank of Geneva moved in Bankruptcy Court for relief from the automatic stay in bankruptcy to commence a foreclosure action. The Bankruptcy Court, in an order granting relief from stay, dated June 10, 1992, allowed relief from the stay "for the purpose of foreclosing its mortgages on the Parkside Office Complex, Buildings 1 through 5, Route 332, Canandaigua, New York.” This property was all located in Ontario County. Based upon the relief from the stay in Bankruptcy Court for the Park-side Office Complex properties, the foreclosure action was commenced in Ontario County. The Ontario County Supreme Court has jurisdiction of such foreclosure action based upon the real property which is the subject of the action being situated in Ontario County. (CPLR 507.) All other properties of Volpe remained under the authority and the automatic stay of the Bankruptcy Court.
The Supreme Court, Ontario County, granted a judgment of foreclosure on February 2, 1993. A Referee’s report of sale, dated March 8, 1993, states that the property subject to the judgment of foreclosure was sold, and the Referee’s computations show a deficiency of $337,204.33. No motion pursuant to RPAPL 1371 for computation of the deficiency amount was ever commenced or a judgment obtained as to the amount of the deficiency. The RPAPL addresses the result of not moving for a deficiency judgment: "If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist.” (RPAPL 1371 [3].)
*953 About one year after the report of sale on the foreclosure, the Bankruptcy Court by Judge Ninfo issued a decision and order, in an unrelated matter dated April 14, 1994, which states that when the automatic stay in bankruptcy is modified or terminated "to allow a party to commence or continue a pending state court mortgage foreclosure proceeding against a debtor’s real property, it is the Court’s expectation that it has modified or terminated the stay for the completion of all related state court mortgage foreclosure proceedings, including the establishment of any deficiency judgment, unless any such state court proceedings are specifically excepted by the order.” (In re Tyler, 166 Bankr 21, 25 [WD NY 1994].) The mortgage in that case was on a single parcel of property, for a single debt to the lender. The Bankruptcy Court held that the proceeds of the mortgage foreclosure proceeding were in full satisfaction of the underlying mortgage debt, and the deficiency claim motion was denied.
A bankruptcy case entitled In re Pittsford Polo Club (188 Bankr 339 [WD NY 1995]) also addressed the issue of obtaining a deficiency judgment on property in bankruptcy which is granted relief from the automatic stay for a foreclosure proceeding. The decision and order of Judge Ninfo, dated November 9, 1995, sets forth the history and reasoning involved in whether a deficiency judgment must be obtained on foreclosed property; however, it determines that the State Supreme Court Justice who entered the foreclosure judgment must decide whether the creditor is entitled to bring a late deficiency judgment motion; whether the need for such a motion was waived or is not necessary; or whether a stay motion on one of the other parcels constituted the required deficiency judgment motion. There is no information as to whether a State Supreme Court decision was ever issued on these questions posed by the bankruptcy decision and order. The bankruptcy decision asserts a position in a footnote that "[furthermore, if the bankruptcy court intentionally does not terminate the stay on one of multiple parcels that serve as collateral for a single debt, the state court may not have jurisdiction over that parcel within the holding of Sanders v. Palmer, and therefore a deficiency judgment motion may not otherwise be required. However, it would always be advisable to clarify this issue in both the applicable bankruptcy and state court orders.” (In re Pittsford Polo Club, at 346, n 5.) The real property involved was four separate parcels all covered by a note and first mortgage for a single debt of the debtor. The relief from *954 the automatic bankruptcy stay was granted on certain parcels only. Both the Tyler and the Pittsford Polo bankruptcy decisions (supra) were issued over a year after the facts existing in the instant case.
It is notable that the cases cited deal with a single debt, with mortgages on one or more parcels to secure that single debt. In the instant case, the plaintiff, Volpe, had entered into six different promissory notes and had issued collateral mortgages to secure repayment of such notes at various times and for numerous different parcels of real property. In Sanders the Court of Appeals states "[t]hat several mortgages have been given to secure a single debt does not authorize separate foreclosure actions when the properties involved are all subject to the jurisdiction of one court.” (Sanders v Palmer, supra, 68 NY2d, at 186.) All the properties which were subject to mortgages by Volpe were not located in the same county and were not subject to the jurisdiction of one court for foreclosure proceedings. In addition, the relief from the automatic stay of the Bankruptcy Court was only for the foreclosure sale of specific properties located in Ontario County.
The significant and numerous differences between the factual circumstances of this case and those existing in the Sanders action is the reason this court has reached the conclusion that the specific ruling in Sanders (supra) is not applicable. This position is supported by case law. In the case of Steckel v Tom-Art Assocs. (228 AD2d 429 [2d Dept 1996]) the Court held that foreclosure on the guarantor’s mortgage for a debt, rather than on the corporate debtor’s mortgage, is distinguishable from Sanders. Therefore, there is no basis for the application of the exception stated in the Sanders case. The reason Sanders was determined not to apply is that the corporate debtor’s property was not foreclosed first; instead the property owned by the guarantors in a different county was foreclosed upon and sold. Steckel relies upon the traditional rule that "until there has been a sale of the property foreclosed, no application for a deficiency judgment can be entertained, and, a fortiori, the mortgagee cannot be precluded by a failure to apply for leave to enter a deficiency judgment. In the instance of a mortgage secured by more than a single parcel of property, the right to apply for a deficiency judgment arises only when all the properties subject to the mortgage lien are sold [citation omitted]. If the mortgagee is prevented from proceeding to sale by an intervening event * * * the failure to apply for a deficiency judgment does not prevent him from seeking recoup *955 ment of the debt from the proceeds of the property [citation omitted]. And in the instance of multiple parcels, if sale of any parcel cannot be had, no restriction results from the failure to obtain leave to enter a deficiency judgment [citation omitted].” (Bodner v Brickner, 29 AD2d 441, 445 [1st Dept 1968].) When peculiar facts exist in a case, the courts have not applied the rigid requirements set forth in RPAPL 1371, nor the rule established by Sanders for the specific factual circumstances present in that case. (See, Roseview Farms v Pfister, 198 AD2d 339 [2d Dept 1993], lv dismissed 83 NY2d 847 [1994]; Parisi TTEE Parisi Enters. Profit Sharing Trust v Black Meadow Estates, 208 AD2d 597 [2d Dept 1994]; Lombardo v Fielding, 225 AD2d 672 [2d Dept 1996].)
III. CONCLUSION
Based upon the following:
, (1) specific circumstances of this case and the distinguishable factors from the Sanders action involved in this case, consisting of the plaintiff having executed the Mortgage of June 22, 1990 to secure, more than a single debt, there being numerous promissory notes; there being a number of collateral security mortgages on various parcels of property to secure the various debts of plaintiff; there being relief from the bankruptcy stay on specified parcels only; that the foreclosure allowed by the order granting such relief was for property located in Ontario County; and that the two parcels at issue regarding the Mortgage of June 22, 1990 are situated in Monroe County, and not under the jurisdiction of the State Supreme Court, Ontario County; and
(2) the proceedings, orders, and relief from the automatic stay which occurred in the Bankruptcy Court; and
(3) the New York State statutes and case law cited and relied upon above; and
(4) the subsequent bankruptcy decisions addressing the issue of deficiency judgments on properties granted relief from the automatic bankruptcy stay;
this court hereby declares that the Mortgage of June 22, 1990, known as a collateral security mortgage, given by Volpe to the Bank of Geneva on properties located in Monroe County at 2040 Ridge Road West, Greece, New York, and 3521 Dewey Avenue, Greece, New York, as security for debts of Volpe and others to the Bank (as stated in said Mortgage) is not void and unenforceable. Such Mortgage of June 22, 1990 was not satis *956 fled and extinguished as a result of the foreclosure and sale proceedings conducted in Ontario County of specific property located there which also secured some of the debts of Volpe. The Bankruptcy Court granted relief from the automatic stay only for those specific properties. The remaining real properties of the Debtor, located in a different county, remained under the stay imposed by the filing of the bankruptcy proceeding.
The plaintiff’s motion for an order declaring and directing the Monroe County Clerk to mark the Mortgage dated June 22, 1990 canceled and discharged is denied.
The plaintiff’s motion for an order dismissing the defendant’s affirmative defense is denied.
The defendant’s motion for summary judgment dismissing the complaint on the ground that the complaint states no cause of action is denied. Pursuant to CPLR 3001 the plaintiff is entitled to seek a declaratory judgment.