■ ADIRONDACK TRUST COMPANY, Respondent, v LOUIS J. FARONE, JR., Also Known as LOUIS J. FARONE, et al., Appellants, et al., Defendants. [666 NYS2d 352] —White, J. Appeal from an order of the Supreme Court (Keniry, J.), entered July 1, 1996 in Saratoga County, which, inter alia, partially granted plaintiff's motion to confirm a Referee's report of sale.

The issue on this appeal is whether the deficiency judgment plaintiff obtained in this mortgage foreclosure action must be

set aside because it was obtained in contravention of the procedure outlined in *Sanders v Palmer* (68 NY2d 180). For the reasons that follow, we hold that it does not have to be and, accordingly, affirm.

In 1975 and 1984, plaintiff loaned defendant Louis J. Farone, Jr. (hereinafter Farone) substantial sums, receiving in return 31 promissory notes executed by Farone that were secured by numerous mortgages of properties owned individually by Farone, his mother (Margaret E. Farone) and defendant Interlaken Park, Inc., plus one parcel Farone held as a tenant by the entirety with his wife, defendant Margaret A. Farone. Margaret A. Farone also unconditionally guaranteed payment of the debt. Upon Farone's default, plaintiff commenced this action, ultimately obtaining summary judgment and the appointment of a Referee to compute the amount due and to determine the order of sale of the properties. At a meeting between the Referee and the mortgagors it was agreed that, to maximize their value, the properties would be aggregated into four large parcels, designated parcels 1, 2, 3 and 4, and would be sold in numerical order. This agreement was reflected in the amended judgment of foreclosure. The foreclosure sale took place on November 21, 1995; however, it did not generate enough funds to satisfy Farone's debt even though all four parcels were sold. As a consequence, on February 23, 1996, plaintiff moved for a deficiency judgment of $913,503.87 against Farone and his wife (hereinafter collectively referred to as defendants). Defendants cross-moved for an order directing plaintiff to extinguish the debt and to set aside the sales of parcels 2, 3 and 4 on the ground that plaintiff failed to move for a deficiency judgment following the sale of parcel 1 and before the sale of parcel 2. Supreme Court declined to do so, prompting this appeal by defendants.*

In *Sanders v Palmer* (*supra*), a single debt was secured by a mortgage of the corporate debtor's property and by a mortgage of the individual guarantor's property. The Court of Appeals, citing RPAPL 1371 (3), held that the mortgagee's failure to obtain a deficiency judgment after the sale of the corporate debtor's property in a foreclosure action in which the guarantor was a party defendant barred further action to foreclose the guarantor's mortgage or on the guarantee (*id.*, at 181-182). In dictum, the Court stated that where several mortgages have been given to secure a single debt, unless the court orders

---

* Although Supreme Court granted defendants' motion for a hearing on the issue of the properties' fair market value, plaintiff has not challenged this determination.

otherwise, there must be separate sales of the security and an application after each sale and before the next occurs to determine the deficiency resulting from the sale (*id.*, at 186). While dictum in a Court of Appeals decision carries considerable weight, it is not controlling (*see, People v Bourne*, 139 AD2d 210, 216, *lv denied* 72 NY2d 955). Thus, the Second Department has not applied *Sanders (supra)* universally and, instead, has limited it to its facts (*see, Steckel v Tom-Art Assocs.*, 228 AD2d 429, 430, *lv dismissed* 88 NY2d 1065; *Parisi TTEE Parisi Enters. Profit Sharing Trust v Black Meadow Estates*, 208 AD2d 597, *lv dismissed* 84 NY2d 1007).

Although plaintiff did not follow the *Sanders* protocol, we likewise eschew its application in this case. Initially, we note that this action only involved properties securing the primary obligation and not, as in *Sanders (supra)*, property securing a guarantee. Further, we find that the language of the amended judgment of foreclosure removed this matter from the application of *Sanders* since, rather than requiring separate sales of each parcel followed by an application for a deficiency judgment, it provided for a single sale of the four parcels and permitted plaintiff to await the conclusion of the sale before seeking a deficiency judgment (*see, Parisi TTEE Parisi Enters. Profit Sharing Trust v Black Meadow Estates*, supra, at 599; *see also*, Block and Steiner, *The 'Sanders' Principle*, NYLJ, Mar. 16, 1994, at 5, col 2). Lastly, we conclude that defendants, by participating in the meeting with the Referee and agreeing to the method and mode of the foreclosure sale, are now estopped from relying on *Sanders* (*see, Roseview Farms v Pfister*, 198 AD2d 339, 342, *lv denied* 87 NY2d 805, *lv dismissed* 83 NY2d 847).

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.