(June 26, 2007)

◼ AL'S REAL ESTATE, INC., Appellant, v MAURICE GIBSON et al., Respondents, et al., Defendants. [839 NYS2d 204]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated September 8, 2006, which granted the motion of the defendants Maurice Gibson and International Dynamics, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

Under the circumstances of this case, the plaintiff's failure to include one of the two parcels of land identified in the underlying mortgage when it commenced a prior foreclosure action in 1991 resulted in "abandonment of the lien on the portion omitted" (*Bodner v Brickner,* 29 AD2d 441, 446 [1968]). Thus, the plaintiff could not maintain the instant foreclosure action with respect to the omitted parcel (*see State Sav. v Parc Vendome Assoc.,* 223 AD2d 464 [1996]; *Bankers Trust Co. v G. H. Equities, Inc.,* 57 AD2d 601 [1977]). In any event, the plaintiff's execution of a satisfaction of the subject mortgage in 1999 barred this foreclosure action, which was not commenced until 2001 (*see* CPLR 3211 [a] [1], [5]; *Regions Bank v Campbell,* 291 AD2d 437 [2002]).

Accordingly, the respondents established their entitlement to judgment as a matter of law dismissing the complaint and the plaintiff failed to raise a triable issue of fact in opposition thereto. Consequently, the Supreme Court properly granted the motion for summary judgment dismissing the complaint insofar as asserted against the respondents (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Prudenti, P.J., Santucci, Covello and Carni, JJ., concur.