■ MARTIN WYDRA et al., Respondents, v DAVID CHAI et al., Defendants. NEW YORK CONTRACT REALTY, INC., Proposed Intervenor-Appellant. [857 NYS2d 580]—

In an action to foreclose a mortgage, the proposed intervenor New York Contract Realty, Inc., appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated March 14, 2007, which denied its motion, inter alia, pursuant to CPLR 1012 (a) (3) for leave to intervene, to amend the caption to reflect its status as intervenor, and to set aside a foreclosure sale of property located at 179 Gates Avenue in Brooklyn, conducted on June 8, 2006.

Ordered that the order is reversed, on the law, with costs, the motion of New York Contract Realty, Inc., is granted, the caption is amended to reflect its status as an intervenor, and the foreclosure sale is set aside.

This case involves a single mortgage on four separate Brooklyn properties, to wit, (1) 179 Gates Avenue, (2) 737 Church Avenue, (3) 636-638 Glenmore Avenue, and (4) 114 Stratford Road. When the mortgage was not paid, the plaintiff mortgagers commenced the instant mortgage foreclosure action against all four properties. In June 1993 a judgment of foreclosure and sale was entered against all four properties, directing that they be sold in the following order, until the mortgage debt was satisfied: 179 Gates Avenue first, 737 Church Avenue second, 636-638 Glenmore Avenue third, and 114 Stratford Avenue fourth. The judgment further provided that if the proceeds of the sales were insufficient to satisfy the mortgage debt, the plaintiffs were authorized to secure a deficiency judgment against the mortgage debtors pursuant to RPAPL 1371.

At the auction on June 23, 1993 179 Gates Avenue was sold, but the sale was thereafter rescinded upon the stipulation of the plaintiffs and the prospective purchaser. There were no bidders for 737 Church Avenue, 636-638 Glenmore Avenue was sold for $1,000, and there were no bidders for 114 Stratford Road.

The referee certified that there was a deficiency. A deficiency judgment of the Supreme Court, Kings County (Vinik, J.), dated December 22, 1994, awarded the plaintiffs the sum of $111,437.52. The deficiency judgment recited that Justice Vinik had determined that $1,000 was the net value of all of the properties as of the date of the referee's sale. Pursuant to CPLR 5203, the deficiency judgment expired as a lien after 10 years.

Since the sale of 179 Gates Avenue was rescinded, the mortgage debtors retained title to it. In April 2004 179 Gates Avenue was conveyed to the proposed intervenor New York Contract Realty, Inc. (hereinafter the appellant).

In September 2005 the plaintiffs moved, without notice to the appellant, for the appointment of a substitute referee. A substitute referee was appointed, and on June 8, 2006 a new foreclosure sale was held with respect to 179 Gates Avenue. At that sale, the property was sold to a third party for the sum of $370,000.

Thereafter, on August 3, 2006 the appellant moved, inter alia, for leave to intervene and set aside the foreclosure sale, claiming that once the plaintiffs had a deficiency judgment, they were precluded from pursuing a foreclosure sale. The Supreme

Court denied the motion on the ground that the appellant was bound by the judgment of foreclosure and sale.

The issue in this case is not whether the appellant is bound by the judgment of foreclosure and sale. Rather, the issue is the effect of the judgment of foreclosure and sale and the subsequent deficiency judgment upon its interest in the property.

Pursuant to RPAPL 1371 (2), in determining the amount of a deficiency judgment, the value of the property or the sales price of the property, whichever is higher, is deducted from the amount owed. Here, since the sale of 179 Gates Avenue was rescinded, there was no sales price, and the market value of the property at the time was zero. Thus, no deductions were made for 179 Gates Avenue in the amount of the deficiency judgment. A basis for the deficiency judgment was a determination that 179 Gates Avenue had no value.

The general rule is that where a mortgage is secured by more than a single parcel of property, the right to apply for a deficiency judgment arises only when all the properties subject to the mortgage lien are sold (*see Joseph Parisi TTEE Parisi Enters., Profit Sharing Trust v Black Meadow Estates*, 208 AD2d 597, 598 [1994]; *Bodner v Brickner*, 29 AD2d 441, 446 [1968]). In the instant case, the judgment of foreclosure and sale so provided.

The general rule is that "[a] failure to proceed against all the security is an abandonment of the lien on the portion omitted" (*Bodner v Brickner*, 29 AD2d 441, 446 [1968]; *see Al's Real Estate, Inc. v Gibson*, 41 AD3d 746 [2007]; *State Sav. v Parc Vendome Assoc.*, 223 AD2d 464 [1996]; *cf. Sanders v Palmer*, 68 NY2d 180, 181-182 [1986]). In the instant case, the plaintiffs failed to proceed against 179 Gates Avenue after the original foreclosure sale was rescinded. They secured a deficiency judgment, and allowed the lien of the deficiency judgment to expire after 10 years. In view of the foregoing, they abandoned the mortgage lien against the property.

Therefore, the Supreme Court should have granted the appellant's motion, inter alia, for leave to intervene and to set aside the foreclosure sale conducted on June 8, 2006. Miller, J.P., Covello, Eng and Chambers, JJ., concur.