Gpo Fed. Credit Union v Iocovozzi (2018 NY Slip Op 01375)





Gpo Fed. Credit Union v Iocovozzi


2018 NY Slip Op 01375


Decided on March 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 1, 2018

525292

[*1]GPO FEDERAL CREDIT UNION, Appellant,
v
VINCENT D. IOCOVOZZI et al., Respondents, et al., Defendant.

Calendar Date: January 10, 2018

Before: McCarthy, J.P., Devine, Aarons, Rumsey and Pritzker, JJ.


Getnick Livingston Atkinson & Priore, LLP, Utica (Patrick G. Radel of counsel), for appellant.
Carol Malz, Davenport Center, for Vincent D. Iocovozzi, respondent.
Levitt & Gordon, Esqs., New Hartford (Dean L. Gordon of counsel), for Bonnette L. Iocovozzi, respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeals from two orders of the Supreme Court (Coccoma, J.), entered September 28, 2016 in Otsego County, which partially denied plaintiff's motion for, among other things, a deficiency judgment against defendant Bonnette L. Iocovozzi.
In July 2008, defendants Vincent D. Iocovozzi and Bonnette L. Iocovozzi (hereinafter collectively referred to as defendants), then a married couple, signed a mortgage note acknowledging indebtedness to plaintiff for $600,000. The debt
was secured by a mortgage granting plaintiff a lien upon two properties, one located in Otsego County (hereinafter the camp property) and the other in Herkimer County (hereinafter the funeral home property). The camp property was owned jointly by defendants, while the funeral home property was owned solely by Vincent Iocovozzi. Defendants thereafter became involved in a divorce action. During the course of said action, Vincent Iocovozzi commenced a bankruptcy proceeding and, as part of the bankruptcy plan, entered into an agreement with plaintiff whereby the fair market value of the funeral home property (deemed to be $175,000) was applied to reduce the joint mortgage debt. Vincent Iocovozzi then executed a new note and mortgage in favor of plaintiff for $175,000.
In February 2015, plaintiff commenced a foreclosure action solely with respect to the camp property. A judgment of foreclosure and sale in relation to said property was granted in November 2015, and the foreclosure sale was completed in December 2015, with plaintiff — having bid $255,000 — as the successful bidder . In March 2016, plaintiff moved for leave to enter a deficiency judgment against defendants as it relates to the camp property. Supreme Court, in two orders, denied plaintiff's motion, finding that Bonnette Iocovozzi "was not a party to [Vincent Iocovozzi's bankruptcy] plan and has/had every right to expect that both properties secured the entire debt," further holding that although "[p]laintiff clearly had the right to modify the terms of the original note and mortgage with . . . Vincent Iocovozzi, it could/cannot do so to the detriment of . . . Bonnette Iocovozzi." Plaintiff now appeals, and we affirm.
"The general rule is that where a mortgage is secured by more than a single parcel of property, the right to apply for a deficiency judgment arises only when all the properties subject to the mortgage lien are sold" (Wydra v Chai, 50 AD3d 779, 781 [2008] [citations omitted], lv denied 11 NY3d 711 [2008]). Here, the language contained in the mortgage conformed with this rule by providing that plaintiff could seek a deficiency judgment upon foreclosure and sale of the "Property," which was defined in the note as being located at both the camp and funeral home addresses. Vincent Iocovozzi's agreement with plaintiff during the course of the bankruptcy proceeding did not alter Bonnette Iocovozzi's rights in this respect, as she never agreed to be bound by the bankruptcy settlement, and the bankruptcy order merely limited plaintiff's rights against her to those "pursuant to applicable non-bankruptcy law" (emphasis added). Under general contract principles, plaintiff may not unilaterally alter Bonnette Iocovozzi's original obligation without her consent (cf. Bier Pension Plan Trust v Estate of Schneierson, 74 NY2d 312, 315 [1989]). Inasmuch as Bonnette Iocovozzi assumed only a contractual obligation to pay any deficiency resulting from the foreclosure and sale of both properties, we agree with Supreme Court that it would be inequitable to hold her liable for a deficiency relating solely to the camp property.
Contrary to plaintiff's assertion, Bonnette Iocovozzi is not bound by the bankruptcy order under principles of res judicata, as the matter on appeal does not involve the same cause of action that was raised during the bankruptcy proceeding (compare Celli v First Trust Nat'l Bank of Northern New York [In re Layo], 460 F3d 289, 292 [2d Cir 2006]). Nor do principles of equitable estoppel foreclose her from challenging the motion for a deficiency judgment, as she never agreed to the settlement with respect to the funeral home property (compare Adirondack Trust Co. v Farone, 245 AD2d 840, 842 [1997], lv dismissed 91 NY2d 1002 [1998]) and did not induce plaintiff through her conduct to change its position. Because Bonnette Iocovozzi neither agreed to nor was bound by the settlement, a deficiency judgment would need to be calculated in the traditional manner, after a public auction, pursuant to RPAPL 1371 (2).
Plaintiff's remaining contentions, to the extent not explicitly addressed herein, have been considered and found lacking in merit.
McCarthy, J.P., Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the orders are affirmed, with one bill of costs.