Unity Bank v St. John's Dryden Realty Corp. (2019 NY Slip Op 02597)





Unity Bank v St. John's Dryden Realty Corp.


2019 NY Slip Op 02597


Decided on April 4, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 4, 2019

527002

[*1]UNITY BANK, Appellant,
v
ST. JOHN'S DRYDEN REALTY CORP. et al., Defendants, and DIMITRIOUS K. MICHELIS et al., Respondents.

Calendar Date: February 14, 2019

Before: Clark, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Bridget M. Schultz of counsel), for appellant.
Coughlin & Gerhart, LLP, Binghamton (Oliver N. Blaise III of counsel), for respondents.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Supreme Court (Faughnan, J.), entered December 21, 2017 in Tompkins County, which, among other things, denied plaintiff's motion for a deficiency judgment against certain defendants.
In June 2006, defendant St. John's Dryden Realty Corp. borrowed $600,000 from plaintiff. The loan was secured by a mortgage granting plaintiff a lien upon two parcels of property — the first was improved with a 200-seat restaurant and the second was a vacant parcel. This loan was guaranteed by defendants Dimitrios K. Michelis and Garrick P. Montenegro (hereinafter collectively referred to as the individual guarantors) and defendant St. John's Catering Corp. In December 2008, plaintiff made a loan of $200,000 to St. John's Dryden Realty Corp. and St. John's Catering Corp. that was secured by a second mortgage on both properties and that was guaranteed by the individual guarantors.
In September 2014, plaintiff commenced this action to foreclose both mortgages. Supreme Court (Mulvey, J.) subsequently granted plaintiff's motion for summary judgment and appointed a referee to compute the sum due. Upon receiving the referee's report — which reported that the sum of $752,972.27 was due as of July 2015 and recommended that the parcels be sold separately — plaintiff moved for a judgment of foreclosure and sale. Plaintiff then discovered that neither mortgage properly described the second parcel, and it withdrew its motion to address the errors. However, in April 2016, plaintiff moved for a judgment of foreclosure and sale for only the first parcel, representing that it intended to seek reformation of the legal description of the second parcel in both mortgages and, if the proceeds from the sale of the first [*2]parcel failed to satisfy the debt, it would then move for an additional judgment of foreclosure and sale for the second parcel. In May 2016, Supreme Court (Faughnan, J.) granted plaintiff's motion and executed a judgment of foreclosure and sale for the first parcel and, in July 2016, the first parcel was sold for $100,000. Plaintiff abandoned its plan to seek the sale of the second parcel upon learning that Tompkins County had commenced a tax foreclosure proceeding against that parcel.
In February 2017, plaintiff moved for a deficiency judgment against St. John's Dryden Realty Corp., St. John's Catering Corp. and the individual guarantors. The individual guarantors opposed the motion and cross-moved for various relief. While the motions were pending, the second parcel was transferred to Tompkins County following entry of a judgment in the tax foreclosure proceeding and was subsequently sold at auction for $25,000. In December 2017, Supreme Court denied plaintiff's motion for a deficiency judgment and granted the cross motion by ordering that the sale of the first parcel fully satisfied the judgment against defendants. Plaintiff appeals.
Determination of whether Supreme Court properly denied plaintiff's motion for a deficiency judgment turns on three well-established rules. First, "[t]he general rule is that where a mortgage is secured by more than a single parcel of property, the right to apply for a deficiency judgment arises only when all the properties subject to the mortgage lien are sold" (GPO Fed. Credit Union v Iocovozzi, 159 AD3d 1100, 1101 [2018] [internal quotation marks and citation omitted]; accord Wydra v Chai, 50 AD3d 779, 781 [2008], lv denied 11 NY3d 711 [2008]). The second applicable rule "is that a failure to proceed against all the security is an abandonment of the lien on the portion omitted" (Wydra v Chai, 50 AD3d at 781 [internal quotation marks, brackets and citations omitted]; see Bodner v Brickner, 29 AD2d 441, 446 [1968]), and this rule applies irrespective of whether sale of the abandoned security would have increased or decreased the deficiency (see City Real Estate Co. v Realty Constr. Corp., 167 Misc 379 [Sup Ct, Kings County 1938]; Bruce J. Bergman, Bergman on New York Mortgage Foreclosures, Ch. 34, § 34.04 [4] [a] [OverDrive ed 2018]). The third rule relevant to resolution of this issue is that a motion for a deficiency judgment must be " made within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser" (RPAPL 1371 [2]).
The judgment of foreclosure and sale specified terms that were consistent with these three rules. It specifically authorized plaintiff to submit an application for a judgment of foreclosure and sale of the second parcel if the proceeds from the sale of the first parcel were insufficient to satisfy the debt, "and if . . . plaintiff is successful in reforming the mortgage instruments with respect to a second parcel of real property . . . which . . . plaintiff claims was also subject to the mortgage instruments," and, further, to seek a deficiency judgment "if the proceeds of the sale(s) of the aforementioned parcel(s)" were insufficient to satisfy the mortgage debt.
Plaintiff sought a deficiency judgment after selling only the first of the two parcels that it claimed were subject to the liens of its mortgages. Although no determination was made regarding whether the second parcel was encumbered by the mortgages, due to the erroneous legal descriptions, Supreme Court properly denied plaintiff's motion for a deficiency judgment in either case. If, as claimed by plaintiff, the second parcel were subject to the mortgage liens, plaintiff abandoned the liens on the second parcel by affirmatively electing to allow them to be extinguished by the tax foreclosure proceeding, and plaintiff's abandonment of the liens on this portion of the collateral precluded it from seeking a deficiency judgment. If the second parcel were not subject to the mortgage liens, then plaintiff's motion for a deficiency judgment, made [*3]more than 90 days after the referee's deed conveying the first parcel was delivered to the purchaser of that parcel, was untimely.[FN1]
Clark, J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Delivery of the deed occurred not later than August 25, 2016, when it was recorded in the Tompkins County Clerk's office, and plaintiff did not make its motion for a deficiency judgment until February 2017, more than five months later.