NYCTL 1982-2 Trust v Alzheimer's Found. of Staten Is., Inc. (2020 NY Slip Op 07387)





NYCTL 1982-2 Trust v Alzheimer's Found. of Staten Is., Inc.


2020 NY Slip Op 07387


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-13736
 (Index No. 103596/11)

[*1]NYCTL 1982-2 Trust, etc., plaintiff, 
v
Alzheimer's Foundation of Staten Island, Inc., et al., defendants, Grace Calogera, et al., appellants, New York Community Bank, respondent.


Richard A. Rosenzweig, Esq., P.C., Staten Island, NY, for appellants.
Lahr Dillon Manzulli Kelley & Penett, P.C., Staten Island, NY (Thomas K. Penett of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a tax lien, the defendants Grace Calogera and George Kevin Calogera appeal from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated October 2, 2019. The order denied those defendants' motion to reject a referee's report and, in effect, granted the cross motion of the defendant New York Community Bank to confirm the referee's report.
ORDERED that the order is reversed, on the law, without costs or disbursements, the motion of the defendants Grace Calogera and George Kevin Calogera to reject a referee's report is granted, the cross motion of the defendant New York Community Bank to confirm the referee's report is denied, the referee's report is rejected, and the matter is remitted to the Supreme Court, Richmond County, for a new report computing the amount of surplus monies due to the defendants Grace Calogera and George Kevin Calogera.
In December 2005, the defendant the Alzheimer's Foundation of Staten Island, Inc. (hereinafter AFSI), executed a mortgage in favor of the defendants George Kevin Calogera and Bruce Calogera in the amount of $499,000, encumbering two parcels of real property referred to as Lot 127 and Lot 200 (hereinafter the mortgage). In 2009, after AFSI defaulted on the monthly payment due under the mortgage, George Kevin Calogera and Grace Calogera, as executor of the estate of Bruce Calogera (hereinafter together the Calogeras), commenced an action to foreclose the mortgage, alleging, inter alia, that AFSI owed the principal sum of $487,315.32. In a judgment of foreclosure and sale dated February 28, 2013, the Supreme Court, among other things, ordered that "the mortgaged premises . . . be sold . . . in two parcels, selling each tax lot separately, at public auction." Lot 127 was thereafter sold at public auction for the sum of $243,000, and title was transferred to the successful bidder by a referee's deed dated October 28, 2013.
In the meantime, in 2011, the plaintiff commenced this action to foreclose a tax lien encumbering Lot 200. A judgment of foreclosure and sale was entered on July 20, 2016, and, on March 28, 2017, Lot 200 was sold at public auction for the sum of $510,000. The sale resulted in a surplus of $298,377.77, which was deposited with the Richmond County Clerk. The Calogeras [*2]interposed a claim to the surplus monies, alleging that their lien had priority over any other liens and that AFSI owed them $455,701.09. The defendant New York Community Bank (hereinafter NYCB), among others, also submitted a claim to the surplus monies. By amended order dated December 28, 2018, the Supreme Court appointed a referee to ascertain and report the amount due to the Calogeras and any other party possessing a lien on the surplus funds, and to ascertain the priority of the several liens. Following a hearing, the referee submitted a report and recommendation finding, among other things, that "to the extent the [Calogeras'] claim is valid, it would have priority" over the other liens. However, the referee found that the Calogeras lacked standing based on their failure to "provide the [underlying] [n]ote with the [m]ortgage." The referee also indicated that the Calogeras' failure to proceed against Lot 200 after the sale of Lot 127 constituted an abandonment of their lien.
The Calogeras subsequently moved to reject the referee's report, and NYCB cross-moved to confirm the referee's report. By order dated October 2, 2019, the Supreme Court denied the Calogeras' motion, finding that the Calogeras were "barred from bringing collection proceedings for any surplus monies" and "did not prove that they had standing." The court also, in effect, granted NYCB's cross motion. The Calogeras appeal.
"'Surplus money . . . stands in the place of the land for all purposes of distribution among persons having vested interests or liens upon the land'" (Shankman v Horoshko, 291 AD2d 441, 442, quoting Roosevelt Sav. Bank v Goldberg, 118 Misc 2d 220, 221; see NYCTL 1997-1 Tr. v Stell, 184 AD3d 9). Furthermore, "[o]nly those judgments and liens which existed upon the property at the time of the . . . sale constitute liens against the surplus moneys" (Mtge. Elec. Registration Sys., Inc. v Levin, 63 AD3d 890, 891, quoting Pindus v Newmat Leasing Corp., 71 AD2d 948, 949). "The liens existing on the land at the time of the foreclosure are considered to have been transferred to the surplus funds" (NYCTL 1997-1 Tr. v Stell, 184 AD3d at 14; see Nutt v Cuming, 155 NY 309, 312). "[P]riority in each creditor [is] determined by the filing date of his [or her] lien or judgment" (Emigrant Mtge. Co., Inc. v Biggio, 110 AD3d 673, 675).
We disagree with the Supreme Court's determination that the Calogeras lacked standing. In reaching that conclusion, the standard used to establish standing in mortgage foreclosure actions was erroneously applied (see generally JP Morgan Chase Bank, N.A. v Bank of Am., 164 AD3d 565, 568; JP Morgan Chase Bank, NA v Levin, 161 AD3d 966, 967; Cudjoe v Boriskin, 157 AD3d 654, 655). In addition, contrary to NYCB's contention, the Calogeras were not barred from interposing a claim to the surplus monies generated from the sale of Lot 200 because they did not move for a deficiency judgment after the sale of Lot 127. "The general rule is that where a mortgage is secured by more than a single parcel of property, the right to apply for a deficiency judgment arises only when all the properties subject to the mortgage lien are sold" (Wydra v Chai, 50 AD3d 779, 781; see Unity Bank v St. John's Dryden Realty Corp., 171 AD3d 1272, 1274; Bodner v Brickner, 29 AD2d 441, 445; cf. Sanders v Palmer, 68 NY2d 180, 181-182). Moreover, under the circumstances of this case, the Calogeras did not abandon their lien on Lot 200 (cf. Wydra v Chai, 50 AD3d at 781; Al's Real Estate, Inc. v Gibson, 41 AD3d 746, 747; Bodner v Brickner, 29 AD2d at 445-446).
Accordingly, the Supreme Court should have granted the Calogeras motion to reject the referee's report and denied the NYCB's cross motion to confirm the referee's report. We reject the referee's report and remit the matter to the Supreme Court, Richmond County, for a new report computing the amount of surplus monies due to the Calogeras.
CHAMBERS, J.P., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court