OPINION OF THE COURT
Bernard F. McCaffrey, J.
The cardinal issue involved in this surplus money proceeding concerns the contention of the trustee in bankruptcy that section 362 of title 11 of the United States Code imposes a stay upon all proceedings which involve the debtor, Mona L. Goldberg, as a result of Mona L. Goldberg, the wife in the underlying pending divorce action, filing a petition for bankruptcy.
The trustee further contends that the entire proceedings must be transferred to the United States Bankruptcy Court for the trustee in bankruptcy to ascertain, report and distribute the amounts due Mona L. Goldberg, or any person who has a lien on the surplus moneys resulting from the foreclosure of the marital premises.
*221 This court disagrees with the trustee’s position. The filing of a bankruptcy petition operates as an automatic stay of the enforcement against the debtor, or against property of the estate, of a judgment obtained before the commencement of the case. (US Code, tit 11, § 362, subd [a], par [2].) The “property of the estate” is comprised solely of the “legal or equitable interests” of the bankrupt (US Code, tit 11, § 541, subd [a], par [1]) and does not include property in which the bankrupt has no interest. (See Mid-Jersey Nat. Bank v Fidelity-Mtge. Investors, 518 F2d 640; Compton v Birnie Trust Co., 76 F2d 639.) Title 11 (§ 541, subd [a], par [1]) of the United States Code provides in pertinent part as follows:
“§ 541. Property of the estate
“(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:
“(1) * * * all legal or equitable interests of the debtor in property as of the commencement of the case.”
The movant’s bankruptcy estate “includes an interest in the surplus money only to the extent that there is a balance remaining after the liens on such surplus money have been ascertained and paid.” (First Fed. Sav. & Loan Assn. of Rochester v Brown, 86 AD2d 963.)
Surplus money realized upon a foreclosure sale is not a general asset of the owner of the equity of redemption, but stands in the place of the land for all purposes of distribution among persons having vested interests or liens upon the land. Surplus money takes the place of the equity of redemption, and only one who had a vested estate or interest in the land sold under foreclosure which was cut off by the foreclosure sale, is entitled to share in the surplus money, with priority in each creditor determined by the filing date of his lien or judgment. (First Fed. Sav. & Loan Assn. of Rochester v Brown, 78 AD2d 119, app dsmd 53 NY2d 939.)
The bankruptcy court cannot in a proceeding by debtor enjoin mortgage foreclosure proceedings in a State court where the debtor’s property interest has “terminated”. (Compton v Birnie Trust Co., supra.)
*222 It is for this court to determine what the bankrupt’s interest, if any, in the surplus funds is before said sum falls within the exclusive jurisdiction of the United States Bankruptcy Court. (RPAPL 1361.) “The interest of the bankrupt’s estate in the surplus money, if any, does not ripen until the surplus money proceedings have been completed” (First Fed. Sav. & Loan Assn. of Rochester v Brown, 86 AD2d 963, supra).
Both of these applications involve the surplus remaining after the foreclosure sale of the marital residence of the movant and cross movant. On or about July 16,1982, after the foreclosure sale, Donald J. Tate, Esq., the court-appointed referee, deposited the surplus funds ($29,197.13) with the Nassau County Treasurer, and filed his report with this court. Both applicants seek to have another referee appointed to determine the amount due them, or any other claimant out of the surplus. The cross movant further seeks confirmation of the referee’s report of the sale.
Therefore, the motion by defendant, Mona L. Goldberg, for an order pursuant to RPAPL 1361 providing for the appointment of a referee to ascertain and report the amount due to the movant or any other person who has a lien on surplus moneys paid into court after the foreclosure sale of the premises, is granted.
Further, the cross motion by defendant, Stanley H. Goldberg, for an order confirming the report of the referee, Donald J. Tate, Esq., dated June 24, 1982, regarding the foreclosure sale and appointing another referee to ascertain and report the amount due to the cross movant, or to any other person who has a lien on the surplus moneys, etc., is granted only to that extent.
That aspect of the cross motion by defendant, Stanley H. Goldberg, seeking to have the court direct that no distribution be made to the defendant, Mona L. Goldberg, pending the determination of the rights of the parties under equitable distribution in the pending divorce action, is denied. This court is required, in connection with the foreclosure action, to distribute the surplus funds in accordance with the provisions of RPAPL 1361 and 1362.
*223 The surplus moneys shall remain in the custody of the Treasurer of Nassau County pending the confirmation of the report of the referee, and shall not be distributed without further order of the court.