■ FINANCE INVESTMENT COMPANY (BERMUDA) LTD. et al.,

Appellants, v FRIEDMAN, LEEDS, SHORENSTEIN & ARMENAKIS et al., Respondents.—In an action to recover damages pursuant to Judiciary Law § 487, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Rockland County (Meehan, J.), dated March 20, 1989, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order and judgment is affirmed, with costs.

The plaintiffs brought two actions against Robert Gossweiler. One was an action to foreclose a mortgage on realty owned by Gossweiler. The second was an action to recover damages for conversion and fraud involving unrelated business matters. The defendants were retained as Gossweiler's attorneys during the pendency of those actions.

Summary judgment was granted to the plaintiffs in the foreclosure action in November 1985, and a Referee was appointed to compute the amount due on the mortgage. Thereafter, the plaintiffs moved in the conversion action for an order of attachment in the amount of $250,000 against the real property which was the subject of the foreclosure action. Their motion was granted, and the defendant Appel allegedly was directed to inform the plaintiffs when a sale of the property was imminent. The property was sold by Gossweiler, subject to the order of attachment, with advance knowledge of the defendants, but without notice to the court or the plaintiffs. Subsequently, the defendants sought to redeem the mortgage by tendering, on behalf of Gossweiler, the full amount due on the mortgage held by the plaintiffs. The tender was refused, so the defendants deposited the moneys with the court pursuant to RPAPL 1341, and the court stayed enforcement of the previously entered judgment of foreclosure.

The plaintiffs subsequently brought the present action to recover damages pursuant to Judiciary Law § 487 (which creates a cause of action in favor of parties injured by the misconduct of attorneys), alleging that the deceit of the defendants in not informing the court of the impending sale of their client's property deprived them of their right to claim pursuant to RPAPL 1361 any surplus of the expected proceeds from the impending mortgage foreclosure sale of the property. The plaintiffs asserted that this claim against the surplus would have amounted to $308,000, and therefore alleged treble damages of $924,000 under Judiciary Law § 487. The court dismissed the complaint for failure to state a cause of action (CPLR 3211 [a] [7]). The trial court concluded that the plain-

tiffs had not proven that the defendants were under a duty to disclose the imminent sale of the property, and that, at any rate, the complaint did not allege any cognizable damages. We affirm.

No right to a "surplus" of the proceeds of any mortgage foreclosure sale ever existed. By definition, such a surplus does not come into existence until the property subject to a judgment of foreclosure and sale is in fact sold pursuant to the judgment of foreclosure (RPAPL 1361). Furthermore, even if a foreclosure sale had taken place, the plaintiffs would not have been assured a right to the surplus of the proceeds *(see, Roosevelt Sav. Bank v Goldberg,* 118 Misc 2d 220). Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.