■ TROY SAVINGS BANK, Plaintiff, v MICHAEL A. CALACONE, Appellant-Respondent, and ROSEANN T. CALACONE, Respondent-Appellant, et al., Defendants. [617 NYS2d 995] —White, J. Cross appeals (1) from an order of the Supreme Court (Harris, J.), entered June 10, 1993 in Albany County, which, *inter alia,* confirmed the report of the Referee in a surplus money proceeding, and (2) from an order of said court, entered July 1, 1993 in Albany County, which denied the cross motions of defendants Michael A. Calacone and Roseann T. Calacone for reconsideration.

Defendants Michael A. Calacone (hereinafter Michael) and Roseann T. Calacone (hereinafter Roseann) were the owners of a marital residence in the City of Watervliet, Albany County, which was subject to a mortgage held by plaintiff. In September 1988, as a result of a matrimonial action, the Calacones entered into an oral stipulation on the record which was incorporated by reference into a judgment of divorce entered in December 1988. Pursuant to said stipulation, Roseann was to have exclusive occupancy of the former marital residence with the parties' daughter and was responsible for maintaining the premises and satisfying plaintiff's mortgage. In 1990, plaintiff commenced a foreclosure action as a result of nonpayment of the mortgage and the property was ultimately sold at foreclosure in December 1991 for $54,300. After the satisfaction of the mortgage and other expenses, there was a surplus of $33,909.91. Pursuant to RPAPL 1361, a surplus money

proceeding was held and the Referee issued a report which was confirmed by Supreme Court and an order was entered. Prior to the court's order, a motion had been made by plaintiff to confirm the Referee's report and separate cross motions were brought by the Calacones to confirm the report in part since both objected to the balance of the report. Supreme Court treated these motions as motions for reargument and they were subsequently denied. From these orders Michael appeals and Roseann cross-appeals.

Michael's main contention is that Supreme Court erred in confirming that part of the Referee's report awarding $6,604.03 of surplus moneys to Roseann based on a provision in the stipulation which provided that Roseann was to receive said amount, which represented one half of Michael's savings and security plan and was to be payable "after the martial residence is sold and/or transferred to one of the respective parties or sold to a third party". He argues that the foreclosure sale should not be considered a sale to a third party and that the $6,604.03 was expressly conditioned on a voluntary sale. We find no merit to this contention since the stipulation should not be read in such a limited manner, particularly in view of the fact that the $6,604.03 was noninterest bearing and was Roseann's share of Michael's savings and security account, which payment she had agreed to delay until the sale or transfer of the marital home, allowing Michael to keep his savings intact and to suffer no adverse tax consequences for early withdrawal. Therefore, we find the Referee was correct in characterizing a foreclosure sale as a sale within the terms of the separation agreement, and that Supreme Court's confirmation of this award to Roseann was proper.

We have examined the other contentions raised by the parties on this appeal and, after reviewing the record, find that both parties testified at the hearing, the Referee reviewed the stipulation and the facts relating thereto, and, based on the evidence presented, he properly determined the issues raised by the Calacones and made a fair and equitable distribution of the balance of the surplus moneys. Therefore, the order of Supreme Court confirming the report of the Referee and said surplus money proceeding should be affirmed.

Mercure, J. P., Crew III and Casey, JJ., concur. Ordered that the orders are affirmed, without costs.