■ CITIBANK, N. A., Plaintiff, v ROBERT SCHROEDER et al., Defendants, ELLENVILLE NATIONAL BANK, Appellant, and LINRO ENTERPRISES, INC., Respondent. [698 NYS2d 304] —In a mortgage foreclosure action, Ellenville National Bank appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated November 5, 1998, as denied that branch of its motion pursuant to RPAPL 1361 which was to vacate that part of a Referee's report dated September 22, 1998, awarding Linro Enterprises, Inc., one-half

of the surplus funds from the sale of the subject property, and granted that branch of the motion of Linro Enterprises, Inc., which was to confirm that part of the Referee's report awarding it one-half of the surplus funds.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Orange County, for a hearing in accordance herewith.

Upon the foreclosure by Citibank, N. A., of real property owned by the defendants, Robert Schroeder and Linda Schroeder, there was a surplus of approximately $96,000. The Supreme Court appointed a Referee, and Ellenville National Bank (hereinafter the Bank) registered its claim to the surplus proceeds pursuant to a money judgment in its favor and against the Schroeders, docketed on April 19, 1995. Although Linro Enterprises, Inc. (hereinafter Linro) registered a competing claim for the surplus funds based upon a mortgage in its favor, purportedly signed by both the Schroeders, which was recorded on October 10, 1991, and which created a lien against the real property already foreclosed by Citibank, N. A., the Bank objected to the mortgage, *inter alia*, as a fraudulent conveyance.

The Referee made no specific findings regarding the validity of the Linro mortgage. Nevertheless she implicitly found it to be valid, as indicated by her conclusion that the surplus funds should be divided equally between the competing claimants. The Supreme Court confirmed the report, noting that the determination as to the validity of the Linro mortgage was beyond the scope of a surplus money proceeding. On this appeal, the Bank contends, *inter alia*, that the court improperly failed to make a determination regarding the validity of the mortgage. We agree.

RPAPL 1361 (2) provides that the court, by reference or otherwise, shall ascertain the amount due to any claimants and the priority of any liens for purposes of the distribution of surplus moneys. Furthermore, a " 'referee may inquire into and determine all questions of law and fact, usury, fraud or the like, and every question tending to show the equities of the claimant[s], to the end that it may be decided in such proceedings finally and on the merits to whom such surplus moneys belong' " (*Corporate Investing Co. v Mount Vernon Metal Prods. Co.,* 206 App Div 273, 276, quoting *Wilcox v Drought,* 36 Misc 351, 352). In light of the Supreme Court's failure to determine the validity of the Linro mortgage, we remit the matter to the Supreme Court, Orange County, for a further hearing to

determine the validity of the Linro mortgage and an appropriate distribution of the surplus funds. Ritter, J. P., Santucci, Thompson and Joy, JJ., concur.