■ LEONARD SHANKMAN et al., Respondents, v ROGER HOROSHKO, Defendant, and PETER DUBOV, Appellant. [737 NYS2d 554] —In an action to foreclose a mortgage, Peter Dubov, as assignee of the interest in surplus money due to the defendant Roger Horoshko, appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Mastro, J.), dated July 7, 2000, as denied his motion, in effect, to confirm that portion of the Referee's report which recommended that all surplus money be distributed to Horoshko or his assignees.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the motion, in ef-

fect, to confirm that portion of the Referee's report which recommended that all surplus money be distributed to the defendant Roger Horoshko or his assignees is granted, and the matter is remitted to the Supreme Court, Richmond County, for distribution of the surplus money in accordance herewith.

Following the foreclosure of a mortgage and the sale of the property serving as collateral for the mortgage, the mortgagor, the defendant Roger Horoshko, assigned his interest in the surplus money remaining to A.B. Naman, Inc. (hereinafter Naman). Thereafter, Naman assigned its interest in the surplus money to the appellant, Peter Dubov. The Supreme Court denied the appellant's motion, in effect, to confirm that portion of the Referee's report which recommended that all surplus money be distributed to Horoshko or his assignees. Instead, the Supreme Court directed that the surplus money be held by the clerk of the court pending further proceedings. We reverse.

"Surplus money * * * stands in the place of the land for all purposes of distribution among persons having vested interests or liens upon the land" (*Roosevelt Sav. Bank v Goldberg,* 118 Misc 2d 220, 221; *see, Sadow v Poskin Realty Corp.,* 63 Misc 2d 499; Restatement [Third] of Property § 7.4). Pursuant to RPAPL 1361 (2), the court must ascertain the amount due to any claimants with liens on the surplus money and the priority of the liens in order to distribute the surplus money. Furthermore, a "referee may inquire into and determine all questions of law and fact, usury, fraud or the like, and every question tending to show the equities of the claimant, to the end that it may be decided in such proceedings finally and on the merits to whom such surplus money belong" (*Wilcox v Drought,* 36 Misc 351, 352-353, *affd* 71 App Div 402; *see, Citibank v Schroeder,* 266 AD2d 332, 333; *Corporate Inv. Co. v Mount Vernon Metal Prods. Co.,* 206 App Div 273, 276).

Upon our review of the record, we find that the Referee's recommendation with respect to the surplus money should have been confirmed. Accordingly, this matter is remitted to the Supreme Court, Richmond County, for distribution of the surplus money to the appellant. Goldstein, J.P., Friedmann, McGinity and H. Miller, JJ., concur.