■ FREMONT INVESTMENT AND LOAN, Plaintiff, v EARL KINLAW, Respondent, et al., Defendants. OMNI VENTURES, INC., Nonparty Appellant; ANDREW W. LAWRENCE, Nonparty Respondent. [790 NYS2d 156]—

In an action to foreclose a mortgage, Omni Ventures, Inc., as assignee of the purchase money second mortgage of the defendants Reginald Spinello and Edward J. Bogan, appeals from an order of the Supreme Court, Suffolk County (Mullen, J.), dated April 19, 2004, which, in effect, denied its motion, inter alia, to reject the Referee's report dated March 5, 2004, recommending that the surplus money from the sale of the property be distributed to the defendant Earl Kinlaw and that the fees of Andrew W. Lawrence, the Referee, in the amount of $1,450 be approved, and confirmed the report.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the Referee's report is rejected, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine the amount of surplus money due to Omni Ventures, Inc., and to direct the Suffolk County Treasurer to distribute the surplus money in accordance herewith.

"Surplus money . . . stands in the place of the land for all purposes of distribution among persons having vested interests or liens upon the land" (*Shankman v Horoshko*, 291 AD2d 441, 442 [2002], quoting *Roosevelt Sav. Bank v Goldberg*, 118 Misc 2d 220, 221 [1983]). Contrary to the Referee's conclusion, Omni Ventures, Inc. (hereinafter Omni), as assignee of the purchase money second mortgage of the defendants Reginald Spinello and Edward J. Bogan, which was duly recorded, was entitled to have the surplus applied towards elimination of its subordinate lien upon a showing of the unpaid amount (*see* Real Property Actions and Proceedings Law § 1361; *Shankman v Horoshko,*

*supra* at 442; *Citibank v Schroeder,* 266 AD2d 332 [1999]; *Federal Home Loan Mtge. Corp. v Grant,* 224 AD2d 656 [1996]). Since Omni was the sole claimant, any remaining amount, less the administrative charges of the Suffolk County Treasurer and the approved fees of the Referee, reverts to the mortgagor, the defendant Earl Kinlaw. Florio, J.P., Adams, S. Miller and Goldstein, JJ., concur.