■  CHASE MANHATTAN MORTGAGE CORPORATION, Plaintiff, v SHANIKA HALL et al., Appellants, and SAUL STRULOVIC et al.,

Defendants. ROBERT S. LEWIS et al., Nonparty Respondents. [795 NYS2d 67]—

In an action to foreclose a mortgage, the defendants Shanika Hall and Shana Hall appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated March 19, 2004, as confirmed those portions of a referee's report which recommended that surplus money be distributed to postforeclosure claimants Robert S. Lewis and Jean Auguste and Jesula Auguste, based upon a determination that Shanika Hall consented to the claimants' liens against the surplus funds.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly confirmed those portions of the referee's report which recommended surplus money be distributed to postforeclosure claimants Robert S. Lewis and Jean Auguste and Jesula Auguste. A referee may inquire into and determine all questions of law and fact, and consider the equities of the claimants in a surplus money proceeding "to the end that it may be decided in such proceedings finally and on the merits to whom such surplus moneys belong" (*Wilcox v Drought,* 36 Misc 351, 352-353 [1901], *affd* 71 App Div 402 [1902]; *see Shankman v Horoshko,* 291 AD2d 441, 442 [2002]; *Citibank v Schroeder,* 266 AD2d 332, 333 [1999]). Here, the referee did as he was required and made his recommendations accordingly.

While properly noting that the claims did not arise from liens against the mortgaged premises, coming into being only after the foreclosure sale, the referee nonetheless determined that the foreclosed mortgagor, Shanika Hall, consented to the liens against her share of the surplus proceeds. It is true, as the foreclosed mortgagor contends, that "[s]urplus money . . . stands in the place of the land for all purposes of distribution among persons having vested interests or liens upon the land" (*Shankman v Horoshko, supra* at 442, quoting *Roosevelt Sav. Bank v Goldberg,* 118 Misc 2d 220, 221 [1983]). However, it is equally true that a person with a vested interest or lien upon the land may assign or convey that interest, and that such an assignment or conveyance will be recognized in a surplus money proceeding (*see Shankman v Horoshko, supra* [Supreme Court

erred in rejecting referee's recommendation that surplus money be disbursed to assignee of the foreclosed mortgagor]).

The referee correctly concluded that fairness and equity required that the claims be satisfied from the surplus money as stipulated by Hall (*see Troy Sav. Bank v Calacone,* 209 AD2d 777, 778 [1994]). H. Miller, J.P., Cozier, Rivera and Skelos, JJ., concur.