OPINION OF THE COURT
Dianne T. Renwick, J.
This is a surplus money proceeding, pursuant to RPAPL 1362, commenced at the conclusion of a tax lien foreclosure action. Currently before this court are a motion and cross motion to respectively confirm and reject the report of the referee appointed to ascertain and report the amount due to the persons who have alleged interests in the surplus monies realized upon the sale of the foreclosed property.
Factual and Procedural Background
On November 19, 2003, the referee sold the property subject to the tax lien, and a surplus of $49,811 above the amount due under the judgment of foreclosure remained. On May 10, 2004, the referee filed the report of sale, dated April 12, 2004. In her report, the referee stated that, subsequent to the sale, she executed and delivered to the purchaser of the foreclosure sale the usual referee’s deed to the property. By an order dated April 12, 2006, Justice Bertram Katz confirmed the report of sale and appointed a referee in the surplus money proceeding to ascertain and report the amount due to the persons claiming rights to surplus monies and the priorities of such claimants.
Two claims have been filed against the surplus monies. David Kadosh and Richard Cohen have made claims as executors of the estate of Haya Gabbay. Haya Gabbay married the owner of the foreclosed property, Abraham Gabbay, after he had acquired ownership of the subject property, but they divorced in 1999. The divorce decree ordered and adjudged that Abraham Gabbay “shall transfer all rights, title and interest, and execute deed, stock, power and all necessary recordings and instruments so that plaintiff [Haya Gabbay] succeed to the ownership of the property” that was subsequently foreclosed in this action. The order and judgment was entered in Supreme Court, Queens County. When Abraham Gabbay refused to comply with the order and judgment, the Supreme Court, Queens County, issued an amended order and judgment, dated March 14, 1999, directing the sheriff to transfer title to the subject property to Haya Gabbay. Also, as part of the divorce decree, Haya Gabbay received a money judgment representing arrears of alimony and *734 child support in the amount of $95,926. The judgment was docketed in Supreme Court, Queens County. For some unexplained reason, the transfer of the subject property never took place before the demise of Haya Gabbay in 2004.
On October 12, 2006, Shlomo Gavey, who was initially named as a defendant in this foreclosure action, filed a notice of claim against the surplus monies. His claim stems from a money judgment rendered in favor of Shlomo Gavey and against Abraham Gabbay for over a million dollars in Kings County Supreme Court. On May 20, 1993, he docketed the money judgment in Queens County Supreme Court.
The Referee’s Findings and Conclusions
The referee appointed to ascertain and report the amounts due to the aforementioned claimants in this surplus monies proceeding determined that Shlomo Gavey’s claim over the surplus monies had priority over any other claim, and that he should be awarded the entire amount of the surplus. First, the referee found that Shlomo Gavey had filed a late notice of claim, but that such late filing did not vitiate his interest in the surplus monies; because of his status as a party to the foreclosure, Shlomo Gavey had no duty to file a notice of claim in the first place. Second, the referee found that the divorce decree, which required Abraham Gabbay to transfer the subject property to Haya Gabbay, provided her with an equitable interest in the property. Nevertheless, the referee found that Haya Gabbay was not the owner of the equity of redemption because legal title (deed) was never transferred to her name before her demise. Thirdly, the referee found that neither the money judgment held by Haya Gabbay (for arrears in alimony and child support), nor the money judgment held by Shlomo Gavey, constituted a valid lien on the subject property since neither judgment had been docketed in the county where the property was located, Bronx County. Under the circumstances, the referee reasoned, the claimants were competing judgment creditors whose order of priority must be determined by the respective dates that the judgments had been docketed. Shlomo Gavey’s judgment was docketed earlier and thus has priority over the surplus monies, the referee concluded.
Discussion
Before discussing the individual claims and the referee’s findings relative to those claims, the court must first review the *735 bedrock principles of law applicable to surplus money proceedings. Such an analysis necessarily begins with the basic premise that the surplus realized at a foreclosure sale is not a general asset of the mortgagor whose property was divested by the foreclosure (the owner of the equity of redemption). Instead, the surplus stands in the place of the land for purpose of distribution among persons who have vested interests or liens on the property. (Chase Manhattan Mtge. Corp. v Hall, 18 AD3d 413 [2d Dept 2005]; Shankman v Horoshko, 291 AD2d 441 [2d Dept 2002].) Thus, surplus monies take the place of the equity of redemption and for purpose of distribution are regarded as land. (Dunning v Ocean Natl. Bank of City of N.Y., 61 NY 497 [1875]; Ellis v Salomon, 57 App Div 118 [2d Dept 1901].)
Accordingly, only a party who has a vested interest or estate in the land which is the subject of the foreclosure and which is extinguished as to the property by the foreclosure is entitled to share in the surplus. (Witter v Taggart, 78 NY2d 234 [1991]; Victoria Woods Homeowners Assn. v Gonyo, 192 AD2d 1107 [4th Dept 1993].) Of course, the owner of the equity of redemption (that is, the owner whose title on the property was extinguished by the foreclosure) may assert a claim to surplus monies. However, the claim of the foreclosure holder of the equity of redemption is junior to those other valid interests terminated by the foreclosure. (Chase Manhattan Mtge. Corp. v Hall, 18 AD3d 413 [2d Dept 2005].)
Conversely, anything less than an interest which the court construes as vested will not be sufficient to support a pursuit of surplus monies. (Shankman v Horoshko, 291 AD2d 441 [2d Dept 2002].) For instance, a contract claim which does not ripen into a lien on the property cannot provide a basis to seek surplus. (Sadow v Poskin Realty Corp., 63 Misc 2d 499 [Sup Ct, Queens County 1970].) Thus, a claim based upon a promissory note, which is not reduced to a judgment, is a mere contract claim, not the vested interest required as a prerequisite to seek surplus monies. (Sadow v Poskin Realty Corp., 63 Misc 2d 499 [Sup Ct, Queens County 1970].) Ultimately, liens and other vested interests terminated by the foreclosure sale attach to the surplus in the order of priority they enjoyed prior to the foreclosure. (See e.g., CPLR 5018 [a]; 5203 [a]; Real Property Law §§ 290-291; see also, 3 Bergman, New York Mortgage Foreclosures § 3504.)
Applying these principles to the claims made against the surplus monies, this court determines that the claim by Shlomo Gavey, based upon the money judgment rendered against the *736 property owner, is disallowed; and the referee’s finding, that this is a valid claim with priority over any other claim, is rejected as a matter of law. Preliminarily, it should be noted that the referee correctly determined that Shlomo Gavey did not relinquish his claim to the surplus monies because he failed to file a timely notice of claim. Courts have consistently held that a party to a foreclosure action is not required to file a notice of claim to the surplus monies in order to preserve its right to satisfaction of its lien from the surplus proceeds of the foreclosure sale. (See e.g., Franklin Credit Mgt. Corp. v Pearlman, 16 AD3d 617 [2d Dept 2005]; Federal Home Loan Mtge. Corp. v Grant, 224 AD2d 656 [2d Dept 1996].)
Nevertheless, the referee erred in holding that Shlomo Gavey had a valid claim against the surplus monies. A claim based upon a judgment docketed in a county other than where the foreclosed premises are situated cannot constitute a basis to assert a right to the surplus monies unless a transcript of the judgment had been filed in the correct county. (Sadow v Poskin Realty Corp., 63 Misc 2d 499 [Sup Ct, Queens County 1970].) Despite the fact that the referee found that the judgment, which is the basis of Shlomo Gavey’s claim, was docketed solely in a county (Queens) other than the one where the property is situated (Bronx) and that there was no proof that a transcript was docketed in Bronx county, the referee held that Shlomo Gavey had a preference to the surplus monies over a similarly situated judgment creditor, Haya Gabbay, who also docketed her money judgment (for arrears of alimony and child support) in Queens county.
What the referee appears to have overlooked is that the surplus realized in a foreclosure sale is not a general asset of the mortgagor whose title to the property was divested at the foreclosure. As noted above, a claimant’s right to any portion of the surplus monies must be supported by either an interest in the land foreclosed or some lien upon it. Since a judgment creditor of the borrower who failed to docket his judgment in the county where the subject property is located has no lien on the property, he cannot claim any portion of the funds. Thus, contrary to the referee’s legal findings, since Shlomo Gavey has no lien on the property, he cannot claim any portion of the funds. (See e.g., Powell v Harrison, 88 App Div 228 [1903]; Sadow v Poskin Realty Corp., 63 Misc 2d 499 [1970].)
The question that remains is whether the referee’s finding that, although Haya Gabbay had equitable title to the subject *737 property based upon the divorce decree’s order and judgment, she had no valid claim against the surplus monies because she failed to procure legal title to the subject property. The referee’s denial of the claim based upon the divorce decree is rejected. Preliminarily, this court concurs with the referee’s finding that the divorce decree provided Haya Gabbay with an equitable title in the subject property. However, this court finds that the divorce decree, turned into an order and judgment, establishes a vested interest in the foreclosed property, so as to allow the owner of such interest to have a valid claim against the surplus monies.
While this court has found no direct authority for the proposition that the divorce decree, turned into an order and judgment, establishes equitable title in the foreclosed property so as to allow the estate of Haya Gabbay to claim against the surplus monies, equitable principles compel such determination. Indeed, where the interest of the owner of the equity of redemption is sold by a sheriffs execution sale, the purchaser succeeds to the property and can claim against the surplus as the former owner of the equity of redemption would have, rather than as a judgment creditor. (See e.g., Insulation Plus v Higgins, 214 AD2d 1001 [4th Dept 1995]; Grid Realty Corp. v Winokur, 58 AD2d 824 [2d Dept 1977].) Moreover, the law is now firmly settled and established that, upon and from the time of the execution of a contract for the sale of land, the vendor becomes a trustee of the land for the benefit of the purchaser, retaining a hen for the purchase price, and the vendee becomes the equitable owner of the land. (Williams v Haddock, 145 NY 144, 150 [1895]; Elterman v Hyman, 192 NY 113 [1908].) The court sees no valid reasoning for refusing to offer the same protection to a party who succeeds to the property via a divorce decree.
Further, what the referee overlooked is that equitable interests in the estate of the land are also entitled to share in the surplus. For example, in another surplus money proceeding, the Court ruled that the equitable lien created by an unrecorded agreement to give a mortgage was superior to the lien of a subsequent docketed judgment. (Savings & Loan Assn. of Kingston v Berberich, 24 AD2d 187 [3d Dept 1965].) Similarly, in another case, where a vendor conveyed the property, the court found that the vendee’s equitable lien for the balance of the consideration automatically attached to the property and had priority over a subsequently docketed judgment. (Ledsal Realty Corp. v Demkin, 141 NYS2d 686 [Sup Ct, Suffolk County 1955].)
*738 Thus, the court finds that the estate of Haya Gabbay’s equitable interest in the subject property constitutes a vested interest in the foreclosed property that allows it to claim against the surplus monies.
Conclusion
For the foregoing reasons, it is hereby ordered that the claim of Shlomo Gavey is disallowed and the referee’s finding that he has a valid claim against the surplus monies is rejected; it is further ordered that the claim of David Kadosh and Richard Cohen, as coexecutors of the estate of Haya Gabbay, for an equitable hen in the surplus monies is found valid and the referee’s finding that this is not a valid claim against the surplus monies is rejected; and it is further ordered that the request by David Kadosh and Richard Cohen, for an order directing that the New York City Department of Finance distribute the surplus proceeds thereof, in the entire amount of $49,811.88, plus any accrued interest, to them, as coexecutors of the estate of Haya Gabbay, is granted to the extent that David Kadosh and Richard Cohen, as coexecutors of the estate of Haya Gabbay, shall be entitled to the subject surplus, after the award of the referee’s fee.