■ MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Plaintiff, v KONSTANTIN LEVIN, Appellant, and BRIGHTWATER

TOWERS CONDOMINIUM, Respondent, et al., Defendants. [882 NYS2d 183]—

In an action to foreclose a mortgage, the defendant Konstantin Levin appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated September 25, 2008, as, in effect, denied his motion to reject that portion of the Referee's report which recommended that the claim of the defendant Brightwater Towers Condominium be granted, and that $16,031.65 of the surplus from the sale of the subject property be distributed to the defendant Brightwater Towers Condominium, and confirmed that portion of the Referee's report.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant Konstantin Levin's motion to reject that portion of the Referee's report which recommended that the claim of the defendant Brightwater Towers Condominium be granted, and that $16,031.65 of the surplus from the sale of the subject property be distributed to the defendant Brightwater Towers Condominium is granted, the claim of the defendant Brightwater Towers Condominium is denied, and the matter is remitted to the Supreme Court, Kings County, to distribute the surplus in accordance herewith.

The Supreme Court erred in confirming that portion of the Referee's report which recommended that $16,031.65 of the surplus from the sale of the subject property be distributed to the defendant Brightwater Towers Condominium (hereinafter the Condominium). " 'Surplus money . . . stands in the place of the land for all purposes of distribution among persons having vested interests or liens upon the land' " (*Shankman v Horoshko*, 291 AD2d 441, 442 [2002], quoting *Roosevelt Sav. Bank v Goldberg*, 118 Misc 2d 220, 221 [1983]; *see Chase Manhattan Mtge. Corp. v Hall*, 18 AD3d 413, 414 [2005]; *Fremont Inv. & Loan v Kinlaw*, 15 AD3d 345 [2005]). Furthermore, "[o]nly those judgments and liens which existed upon the property at the time of the . . . sale constitute liens against the surplus moneys" (*Pindus v Newmat Leasing Corp.*, 71 AD2d 948, 949 [1979]).

Here, the Condominium did not have a valid lien for unpaid common charges against the mortgagor's unit at the time of the foreclosure sale. Although Real Property Law § 339-z establishes

a statutory lien for unpaid common charges in favor of the board of managers of a condominium, Real Property Law § 339-aa further provides that such a lien does not become effective until a verified notice of lien is filed in the office of the appropriate recording officer. Since it is undisputed that the Condominium never filed such a lien, it had no basis for claiming a share of the surplus proceeds of the first mortgagee's foreclosure action (*see Chemical Bank v Levine*, 91 NY2d 738, 742 [1998]; *see also Matter of Mishkin*, 85 BR 18 [1988]; *Board of Directors of Hunt Club at Coram Homeowners Assn., Inc. v Hebb*, 22 Misc 3d 584, 586-587 [2008]; *Washington Fed. Sav. & Loan Assn. v Schneider*, 95 Misc 2d 924, 928 [1978]).

Inasmuch as the Condominium and the mortgagor were the sole claimants to the surplus money, any remaining amount, less the administrative charges of the Kings County Treasurer and the approved fees of the Referee, revert to the mortgagor, the defendant Konstantin Levin. Fisher, J.P., Dickerson, Eng and Hall, JJ., concur.