NYCTL 1999-1 Trust et al., Plaintiffs, v NY Pride Holdings, Inc., Respondent, and Union Street Management Group, Ltd., Appellant, et al., Defendants. [892 NYS2d 418]—

The surplus funds of a foreclosure sale stand in the place of the land for all purposes of distribution among persons having vested interests or liens upon the land (*see Chase Manhattan Mtge. Corp. v Hall,* 18 AD3d 413 [2005]; *Shankman v Horoshko,* 291 AD2d 441, 442 [2002]). RPAPL 1361 (2) provides that the court shall ascertain the amount due to any claimants and the priority of any liens for purposes of the distribution of surplus moneys.

A property formerly co-owned, in equal shares, by the defendant Union Street Management Group, Ltd. (hereinafter Union Street), and the defendant NY Pride Holdings, Inc. (hereinafter NY Pride), was sold in a foreclosure sale, and a court-appointed referee filed a report indicating that the amount of surplus funds from the foreclosure sale, after accounting for the various liens, fees, and encumbrances, was $1,714,042. Union Street moved, inter alia, to direct the receiver to release to it 85.3% of the surplus funds, rather than 50%, which would correspond to its ownership interest in the subject property. Union Street relied on an agreement between it and NY Pride, or the corporations' owners, which included a provision whereby the parties would be reimbursed, from the surplus funds, for their respective expenses related to said property. However, an agreement, either by parol or in writing, to pay a debt out of a designated fund does not operate to create an equitable lien upon the fund, or operate as an equitable assignment of it (*see Teichman v Community Hosp. of W. Suffolk,* 87 NY2d 514, 520 [1996]; *Datlof v Turetsky,* 111 AD2d 364, 365 [1985]). Therefore, the Supreme Court correctly determined that Union Street did not have a lien on the subject property for more than 50% of the surplus funds.

In light of our determination, we need not reach the parties' remaining contentions. Fisher, J.P., Angiolillo, Eng and Lott, JJ., concur.