■ BOARD OF MANAGERS OF THE NETHERLANDS CONDOMINIUM, Respondent, v MILDRED TRENCHER, Appellant, et al., Defendants. [9 NYS3d 213]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered August 20, 2013, which, to the extent appealed from, denied defendant unit owner's motion for summary judgment dismissing the complaint and for summary judgment on her counterclaim for declaratory relief, unanimously modified, on the law, to grant defendant's motion to the extent of declaring that plaintiff Condominium Board is not permitted to collect late fees, nor is it entitled to collect legal fees and disbursements incurred or paid before the commencement of this action, and otherwise affirmed, without costs.

In this action, plaintiff seeks to foreclose on a lien for outstanding common charges and fees allegedly owed by defendant. The bylaws of the condominium do not provide for the charging of late fees for unpaid common charges. When reading the bylaws as a whole (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]), it is clear that section 2.2-2.8 does not provide plaintiff with the authority to charge defendant for such fees. Section 6.4 is the only section that provides such authority, and that section was left blank with respect to the amount of those fees. Nor was section 6.4 properly amended to provide for such amounts. Pursuant to section 13.1 of the bylaws, an amendment can only be accomplished by an affirmative vote of at least 66²/₃% of all unit owners, and it is undisputed that no vote took place.

Pursuant to 6.4 of the by-laws, plaintiff can recover legal fees incurred in any proceeding to collect unpaid common charges or in an action to foreclose on a lien arising from unpaid common charges. Since the underlying action to foreclose the lien has not yet been fully resolved, the motion court properly denied any summary relief on this issue.

In support of her motion for summary judgment, defendant demonstrated only that she had satisfied the specific amount

claimed in the lien. However, except as indicated above, plaintiff is entitled to not only the amount claimed in the lien, but also the amount of unpaid common charges and fees that have accrued since the filing of the lien (*Board of Mgrs. of Soho Greene Condominium v Clear, Bright & Famous LLC*, 2012 NY Slip Op 33273[U], *8 [Sup Ct, NY County, 2012], *affd on other issues* 106 AD3d 462 [1st Dept 2013]). In opposition to defendant's motion, plaintiff demonstrated that defendant continued to owe arrears, and it was only in reply that defendant submitted evidence showing that she had recently tendered full payment of all amounts claimed by plaintiff. Under these circumstances, defendant did not show that she is entitled to dismissal of the complaint at this time. Payments and credits consistent with this decision must still be reconciled. Concur—Friedman, J.P., Acosta, Richter and Gische, JJ.