■ NYCTL 1998-2 Trust et al., Plaintiffs, v Zoila Lucinda Avila et al., Defendants, and Edmund R. Wolk et al., Respondents. Charis Sachtouris, Nonparty Appellant. [14 NYS3d 487]—

In an action to foreclose on a tax lien, nonparty Charis Sachtouris appeals, (1) from an order of the Supreme Court, Kings County (Steinhardt, J.), dated January 4, 2012, which denied her motion, inter alia, to vacate an order of the same court dated May 26, 2011, confirming a referee's report and directing distribution of the surplus funds from the foreclosure sale, and (2), as limited by her brief, from so much of an order of the same court dated June 21, 2012, as, upon renewal, adhered to the original determination.

Ordered that the appeal from the order dated January 4, 2012, is dismissed, as that order was superseded by the order dated June 21, 2012; and it is further,

Ordered that the order dated June 21, 2012, is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith; and it is further,

Ordered that one bill of costs is awarded to the appellant.

Seven years after the foreclosure of a tax lien and the sale of the property serving as collateral, the Supreme Court, in an order dated May 26, 2011, confirmed the referee's report and directed that the surplus funds from the sale be distributed in a certain manner. The nonparty appellant, Charis Sachtouris, subsequently moved, inter alia, to vacate the order on the ground that, when directing the distribution of the surplus funds, the court had failed to account for a lien she held on the subject property. The court denied the motion and the appellant moved for leave to renew. Upon renewal, the court adhered to its original determination denying the appellant's motion, inter alia, to vacate the order dated May 26, 2011, based on its

determination that even if the appellant had a valid lien on the subject property, that lien was necessarily extinguished by the tax foreclosure sale.

The surplus funds of a foreclosure sale stand in the place of the land for all purposes of distribution among persons having vested interests or liens upon the land (*see Nutt v Cuming*, 155 NY 309, 313 [1898]; *NYCTL 1999-1 Trust v NY Pride Holdings, Inc.*, 68 AD3d 952 [2009]; *Chase Manhattan Mtge. Corp. v Hall*, 18 AD3d 413, 414 [2005]; *Shankman v Horoshko*, 291 AD2d 441, 442 [2002]). Thus, contrary to the Supreme Court's determination that the appellant's purported lien was necessarily extinguished by the tax foreclosure sale, "a lien which is valid and existing at the time of the foreclosure sale (that is, the auction sale, not the foreclosure closing) is deemed transferred from the land to the surplus monies" (3-35 Bruce J. Bergman, Bergman on New York Mortgage Foreclosures § 35.01 [3] [a]).

RPAPL 1361 (2) provides that the court shall ascertain the amount due to any claimants and the priority of any liens for purposes of the distribution of surplus funds. Because the sole basis of the Supreme Court's denial of the appellant's motion and refusal to consider whether she was entitled to any of the surplus funds was its erroneous conclusion that any lien existing on the property at the time of the sale would not have transferred to the surplus funds, we reverse insofar as appealed from, and remit the matter to the Supreme Court, Kings County, for a new determination of the appellant's motion.

In light of our determination, we do not reach the parties' remaining contentions. Skelos, J.P., Hall, Austin and Sgroi, JJ., concur.