**NYCTL 2017-A Trust v YYSB Trust**

2024 NY Slip Op 33503(U)

October 2, 2024

Supreme Court, Kings County

Docket Number: Index No. 504666/18

Judge: Derefim B. Neckles

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP-2 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 2nd day of October, 2024.

P R E S E N T:

HON. DEREFIM B. NECKLES,
                              Justice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

NYCTL 2017-A TRUST and THE BANK OF NEW YORK MELLON as Collateral Agent and Custodian For the NYCTL 2017-A Trust,

                              Plaintiff,

        - against -                                 Index No. 504666/18

YYSB TRUST, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, KALMAN STREICHER, SHORIVGER TRUST, CLAIRA REALTY, LLC a/k/a CLARA REALTY, LLC, MORRIS E. BARENBAUM, AS ATTORNEY, GLOBAL REAL ESTATE SOLUTIONS, INC. and "JOHN DOE NO. 1" inclusive, through "JOHN DOE NO. 100" inclusive, the names of the last 100 defendants being fictitious, the true names of said defendants being unknown to plaintiff, it being intended to designate fee owners, tenants or occupants of the liened premises and/or persons or parties having or claiming an interest in or a lien upon the liened premises, if the aforesaid individual defendants are living, and if any or all of said individual defendants be dead, their heirs at law, next of kin, distributes, executors, administrators, trustees, committees, devisees, legatees, and the assignees, lienors, creditors and successors in interest of them, and generally all persons having or claiming under, by, through, or against the said defendants named as a class, of any right, title, or interest in or lien upon the premises described in the complaint herein,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

[* 1]

The following e-filed papers read herein:                    NYSCEF Doc Nos.

Notice of Motion/Order to Show Cause/ Petition/Cross
Motion and Affidavits (Affirmations) _____          148-156      157-166    167-179, 181

Opposing Affidavits (Affirmations)_____            168-179, 181  186-188    195

Reply Affidavits (Affirmations)_____               164-165, 195  190-192

Sur-Reply Affidavits (Affirmations)_____                     194

Upon the foregoing papers in this tax lien foreclosure action regarding the property at 5904 Foster Avenue in Brooklyn (Block 7955, Lot 1) (Property), defendant Claira Realty, LLC a/k/a Clara Realty, LLC (Claira Realty) moves (in motion sequence [mot. seq.] six) for an order:  (1) confirming the referee's report of sale, and (2) directing the Office of the New York City Department of Finance (NYCDOF) to disburse $225,251.18 as of June 25, 2023 of the surplus monies plus accrued interest on deposit to Claira Realty, less lawful fees to Mark Salem Law, P.C., as attorneys.

Defendant Shorivger Trust cross-moves (in mot. seq. seven) for an order confirming the referee's report of sale and directing the NYCDOF to distribute the surplus monies to the Shorivger Trust.

Defendants Kalman Streicher (Streicher) and Morris E. Barenbaum as Attorney (Attorney Barenbaum) cross-move (in mot. seq. eight) for an order, pursuant to RPAPL 1355, 1361 and 1362: (1) confirming the referee's report of sale; (2) ascertaining the amount due to the cross-movants; and (3) directing the NYCDOF to distribute said amount due to the cross-movants.

2

## Background

On January 22, 2020, the court (Partnow, J.) granted plaintiff NYCTL 2017-A Trust and The Bank of New York Mellon as Collateral Agent and Custodian for the NYCTL 2017-A Trust (Plaintiff) a judgment of foreclosure and sale on default, confirmed the September 11, 2019 referee's report in which it was determined that $123,415.01 in principal was due and owing to Plaintiff on the tax lien as of August 27, 2019, and ordered, adjudged and decreed that the Property be sold at public auction.

According to the referee's March 1, 2022 report of sale, on January 27, 2022, the Property was sold at auction for $1,940,000.00, resulting in a surplus of $1,350,583.11. A March 23, 2022 receipt reflects that the $1,350,583.11 surplus was deposited with the King's County Clerk's office.

Meanwhile, on March 10, 2022, Zaidy's Trust, "as assignee of" Streicher and Attorney Barenbaum, e-filed a "Notice of Claim to Surplus Money" asserting that its lien as first mortgagee "is next in priority after the tax lien foreclosed herein". On March 21, 2022, the Shorivger Trust claimed title to the surplus money as the "first recorded mortgagee". On January 13, 2023, Claira Realty e-filed a Notice of Claim to and Demand for Surplus Money as the "Third Recorded Mortgagee under a mortgage dated December 29, 2014 on the property . . ." Claira Realty asserts that it "is third in priority after the tax lien foreclosed herein, after the First Recorded Mortgagee and Second Recorded Mortgagee . . ."

3

[* 3]

### *Claira Realty's Motion*

On August 21, 2023, Claira Realty moved for an order confirming the referee's report of sale and directing the NYCDOF to distribute $225,251.18 of the surplus funds plus accrued interest and attorneys' fees to it. Claira Realty submits an attorney affirmation asserting that:

> "Claira Realty a/k/a Clara Realty is a named defendant in this action by virtue of a mortgage and guaranty of payment, filed by Claira Realty, LLC as mortgagor and Triple C's Ventures, LLC as mortgagee on January 26, 2015 under CRFN 2015000028400.
>
> "Said mortgage was related to the sale of the Premises from Claira Realty, LLC to Triple C's Ventures, LLC on December 26, 2014.
>
> "Pursuant to the mortgage, the Mortgagee is to pay the principal of $280,000.00 to Claira Realty, LLC and interest that may become due".

Claira Realty's counsel affirms that the mortgage provided for late fees and 24% per annum in default interest. Claira Realty's counsel further affirms that "[t]he total amount of non-payment of principal, accrued late fees, interest and attorneys['] fees, as of June 25, 2023 is $225,251.18 . . ."

### *Shorivger Trust's Cross-Motion*

On January 8, 2024, Shorivger Trust cross-moved for an order confirming the referee's report of sale and directing the NYCDOF to distribute the surplus monies to it. Defense counsel submits an affirmation asserting that "Shorivger Trust makes its claim to the surplus money as the first mortgagee of the foreclosed property".

4

[* 4]

*Streicher and Attorney Barenbaum's Cross-Motion*

On January 9, 2024, Streicher and Attorney Barenbaym cross-moved for an order confirming the referee's report of sale; ascertaining the amount due to them and directing the NYCDOF to distribute said amount to them based on an attorney affirmation.

## Discussion

"Surplus money . . . stands in the place of the land for all purposes of distribution among persons having vested interests or liens upon the land" (*Shankman v Horoshko*, 291 AD2d 441, 442 [2d Dept 2002]). Only judgments and liens that existed upon the property at the time of a foreclosure sale constitute liens against surplus moneys (*Mortg. Elec. Registration Sys., Inc. v Levin*, 63 AD3d 890, 891 [2d Dept 2009]). RPAPL 1355 (2) provides, in relevant part:

> "Where the report of sale shows surplus money the party moving for confirmation of the report of sale shall present with his motion papers a proper voucher for the surplus moneys showing that they have been paid into court, a certificate of the clerk specifying the notices of claim to the surplus moneys, if any, so filed with him, and *an affidavit showing any other unsatisfied lien on the property*" (emphasis added).

RPAPL 1361 sets forth the procedures for filing a notice of claim, which may be filed at any time before the confirmation of the report of sale. Pursuant to RPAPL 1361 (3), any holders of recorded liens shall be given notice to attend any hearing on disposition of surplus money.

Here, where three claimants have filed notices of their claims to surplus funds without supporting fact affidavits, a hearing before a referee regarding the proper

5

[* 5]

distribution of the surplus monies, the priorities of the surplus money claimants and the amount that each is entitled to is warranted. Consequently, the motion and cross-motions are only granted to the extent that the referee's report of sale is hereby confirmed. Accordingly, it is hereby

**ORDERED** that Claira Realty's motion (mot. seq. six) and the cross-motions filed by Shorivger Trust (mot. seq. seven) and Streicher and Attorney Barenbaum (mot. seq. eight) are granted only to the extent that the referee's report of sale is confirmed without opposition; the motion and cross-motions seeking distribution of the surplus monies are otherwise denied without prejudice to renewal after the issuance of a referee's report regarding the proper distribution of the surplus funds upon the conclusion of a hearing regarding the priorities of the surplus money claimants and the amounts to be distributed to each respective claimant; and it is further

**ORDERED** that this matter be referred to the special referee's part for a framed issue hearing before a referee to determine the priority of the surplus money claimants and the amounts of surplus to be distributed to each claimant, and it is further

**ORDERED** that a copy of this decision and order with notice of entry thereof shall be served upon the referee, the surplus money claimants and the owner of the equity of redemption, and any other party entitled to notice within 20 days of entry.

This constitutes the decision and order of the court.

E N T E R,

HON. DEREFIM B. NECKLES, A.J.S.C

6     HON. DEREFIM B. NECKLES
            A.J.S.C.

[* 6]