NYCTL 2019-A Trust v Opulski (2024 NY Slip Op 05542)

NYCTL 2019-A Trust v Opulski

2024 NY Slip Op 05542

Decided on November 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 12, 2024

Before: Manzanet-Daniels, J.P., Pitt-Burke, Rosado, O'Neill Levy, Michael, JJ. 

Index No. 158238/20 Appeal No. 2995 Case No. 2023-06200 

[*1]NYCTL 2019-A Trust and The Bank Of New York Mellon, As Collateral Agent and Custodian, Plaintiff,
v
Alexis Opulski, et al., Defendants-Respondents, Ben Bonaventura Defendant-Appellant, Criminal Court Of The City Of New York (New York), et al., Defendants.

Biolsi Law Group, P.C., New York (Steven Alexander Biolsi of counsel), for appellant.
Law Office of Andrew C. Laufer, PLLC, New York (Andrew C. Laufer of counsel), for Alexis Opulski, respondent.
Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for Board of Managers of 207-209 East 120th Street Condominium, respondent.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about August 21, 2023, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Board of Managers of 207-209 East 120th Street Condominium (the Board) for distribution to it of $225,775.91 from the surplus proceeds of a foreclosure sale, and granted in part defendant Alexis Opulski's motion for distribution of a portion of the surplus insofar as ordering $60,831.51 to be paid to her, unanimously modified, on the law, to deny the Board's motion to the extent that it sought unpaid common charges originating before January 2013, to deny Opulski's motion in its entirety, and to remand for a hearing to ascertain the correct amount due to the Board, and otherwise affirmed, without costs.
The Board's liens are not time-barred. The Board based its claims on the lien it filed in 2019, within six years of that lien's expiration (Real Property Law § 339-aa). The Board was also entitled to recover unpaid common charges described in the lien dating back to January 2013 because the six-year time period in Real Property Law § 339-aa refers not to how long ago the unpaid common charges may have accrued, but "to the duration of the lien itself" (Chemical Bank v Levine, 91 NY2d 738, 741 [1998]). In addition, the Board was entitled to the amount of unpaid common charges and fees that accrued since the filing of the lien (see Board of Mgrs. of the Netherlands Condominium v Trencher, 128 AD3d 452, 453 [1st Dept 2015]).
We reject the argument that the Board did not diligently pursue the most efficient course to mitigate its damages (see Eskenazi v Mackoul, 72 AD3d 1012, 1014 [2d Dept 2010]). Even if the Board had a duty to mitigate its damages, which we do not find that it did, it explained that it had commenced a foreclosure action in 2018 based on earlier liens but discontinued the action once plaintiff commenced this action because plaintiff's tax liens were superior, and the Board deemed it more efficient to address its lien in this action.
However, the Board is not entitled to common charges dating before January 2013, the earliest date claimed in the 2017 and 2019 liens, as only persons with vested interests or liens, not mere general creditors, may share in the surplus (see Chase Manhattan Mtge. Corp. v Hall, 18 AD3d 413, 414 [2d Dept 2005]). Thus, even if the Board is owed common charges from 2012, it is entitled only to the amounts claimed by the liens, not unpaid common charges that the liens did not claim.
Additionally, Opulski, the former spouse of defendant Ben Bonaventura, is not entitled to a share of the surplus monies. Opulski and Bonaventura's July 31, 2018 judgment of divorce stated that the unit would be Bonaventura's "sole property," for which Bonaventura agreed to pay Opulski $85,000 within six months of the divorce judgment. This provision divested Opulski of any right in the property that might have entitled her to the surplus [*2]based on her prior partial ownership of the unit (see Tiozzo v Dangin, 197 AD3d 435, 439 [1st Dept 2021]). Although Bonaventura initially paid only $75,000 of the $85,000, nothing in the divorce judgment stated that Bonaventura's payment of $85,000 was a condition precedent to his 100% ownership of the unit such that Opulski would still own part of the unit if Bonaventura failed to pay the full amount. Opulski is also not entitled to surplus on the basis of the October 21, 2022 money judgment she obtained after Bonaventura failed to pay her the full amount she was owed, as that judgment was entered after the September 14, 2022 foreclosure sale (see Mortgage Elec. Registration Sys., Inc. v Levin, 63 AD3d 890, 891 [2d Dept 2009]).
We have considered the remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2024